[No. 2694. Decided May 7, 1898.]

## VERMONT LOAN AND TRUST COMPANY, *Appellant*, v. F. CARDIN *et al.*, *Respondents*.

#### TENANCY IN COMMON — REPLEVIN.

A surrender of mortgaged community realty to the mortgagee by the father alone would not affect the title of the children in the share inherited by them from their mother, and could give the mortgagee no better title than that of a tenant in common with the children.

A tenant in common cannot maintain an independent action of replevin for the recovery of grain raised by the tenants and in the possession of third persons.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Affirmed.

*A. E. Gallegher*, for appellant.

*Mark A. Fullerton*, for respondents.

*Per Curiam.*—This action was brought to recover a quantity of grain then in the possession of the defendants. A trial was had before the court without a jury, and the plaintiff has appealed from a judgment against it. The plaintiff held a mortgage upon the land on which the grain was raised, executed by its former owners. Said owners sold the land to one A. O. Coston, a married man, and it became the community property of himself and wife. The wife died, leaving several children, some of whom had attained their majority and some were minors. No administration was had, and Coston and his said children continued to reside upon the land, being tenants in common. After the maturity of the mortgage debt, but before a foreclosure, and while Coston and his children were residing upon the land, he, early in 1895, entered into a lease of the same from the plaintiff, whereby it was, in substance,

agreed that one-third of the grain to be grown during the life of the lease, and the title to the whole of it, until a division, should belong to and be in the plaintiff, and it covered the grain in controversy. The plaintiff was at no time in possession of the land prior to the harvesting of the grain. It could have had no constructive possession under the lease, in any event, further than as against Coston, because he could not have surrendered the rights of the children. The grain was not divided among the tenants, and it was disposed of in part to one A. Z. Coston, and in part to one Taylor, and by them deposited in the defendants' warehouse.

It is not necessary to determine some of the questions raised with reference to the validity of the lease, one being that there was no consideration for its execution. Likewise some alleged errors relating to the admission of proof will not be considered, because that which was immaterial was harmless, and that which was incompetent will be disregarded. The question of a tenant disputing the title of his landlord is not involved in the case as presented.

The most favorable claim that can be substantiated upon the part of the plaintiff is that it was a tenant in common with the children. But as such it could not independently maintain this action in replevin. *Carle v. Wall* (Ark.) 16 S. W. 293; *Titsworth v. Frauenthal*, 52 Ark. 254 (12 S. W. 498); *Phipps v. Taylor*, 15 Or. 484 (16 Pac. 171); *McArthur v. Lane*, 15 Me. 245. The plaintiff obtained no rights under the lease as against the children, and, while it contends that A. O. Coston, disposed of the entire grain, this does not appear by the record. If the children's undivided interests in the grain, or the interest of some of them therein, was transferred by them to A. Z. Coston and Taylor, they held that interest independent

20—19 WASH.

of the plaintiff, and, if it was not transferred, it is still in the children. It is immaterial where it is as the case stands. There was no showing that their father had any authority to dispose of their part of it.

Affirmed.