# Commonwealth ex rel. *v.* Union Surety and Guaranty Company.

*Trusts and trustees—Mingling trusts with general assets—Insolvency—Corporations.*

The owners of a trust fund held by an insolvent corporation are not entitled to a preference over general creditors in the distribution of the assets of the company, unless they trace the fund into some specific property, or into some particular moneys or account of the insolvent company which had passed into the hands of its receiver or assignee.

*Appeals—Joint appeals—Separate and distinct claims.*

Parties making separate and distinct claims on a fund with no joint or common right in the claims, have no right to take a joint appeal from a decree disallowing the claims.

Argued March 11, 1908. Appeal, No. 8, March T., 1908, by Hess-Farris Mineral Exploration Company and Barclay Johnson, from order of C. P. Dauphin Co., Commonwealth Docket, 1904, No. 26, dismissing exceptions to auditor's report in case of Commonwealth ex rel. Attorney General v. Union Surety & Guaranty Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of John R. Fox, Esq., and Charles L. Brown, Esq., auditors.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Paul R. Weitzel*, for appellant.

*David Jay Myers*, with him *Milton C. Work*, for appellee.

OPINION BY PORTER, J., October 12, 1908:

The record clearly shows that the Exploration Company and Barclay Johnson presented separate and distinct claims

in the court below, the Exploration Company claiming the sum of $1624, and Barclay Johnson the sum of $232. Each claimed that the fund out of which they, respectively, were entitled to be paid was a special trust fund created for the purpose of paying the coupons which they held. Johnson had no interest in the coupons presented by the Exploration Company and the Exploration Company had no interest in the coupons presented by Johnson. The claims were absolutely separate and distinct and yet the parties have taken a joint appeal, although they have no joint or common right in the claims. The appeal might for this reason be quashed.

The plaintiffs contented themselves by producing evidence in the court below that a fund had been paid into the Trust Company to be by it held in trust to guarantee the payment of the coupons maturing on certain bonds, and that they, respectively, were the holders of coupons upon which they were entitled to payment out of said fund. They made no attempt to trace the fund and show that it, or anything which had been substituted for it, was the whole or any part of any property or assets which had passed to the receiver. The uncontradicted evidence produced by the appellees established that the fund had been used by the Union Surety & Guaranty Co. in its business and had been mingled with its general funds. That the appellants, because of their failure to trace the trust fund, upon which their claims were based, directly to the assets which passed to the receiver, were not entitled to a preference over the general creditors in the fund for distribution is settled by the authorities cited in the opinion herewith filed in the Appeal of Mary B. Jones, in this same proceeding. The decision in that case disposes of the present appeal.

The decree is affirmed and appeal dismissed at cost of the appellants.