Hayes (et al., Appellant), *v.* Stephenson.

Argued April 11, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Gerald A. McNelis, Sr.,* with him *McNelis and Mc-Nelis,* for appellant.

*A. Grant Walker,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellees.

OPINION BY MONTGOMERY, J., June 15, 1960:

A. J. Hayes and Emery Motor Sales Company, a corporation, brought an action in assumpsit for monies alleged to be owed them by defendants and recovered a joint verdict. From the grant of a new trial, Emery Motor Sales Company filed this appeal. A. J. Hayes did not appear or disclaim his right to appeal, and from the record before us it appears that the appeal was not filed in his behalf jointly with appellant. Defend-ants-appellees have filed a motion to quash the appeal because of the failure of Hayes to join in it.

Although the jury returned a verdict for the plain-tiffs jointly, the claims upon which the suit is based

appear not to have been jointly held. In the first count of the complaint plaintiffs sought to recover the proceeds of an insurance contract issued by Calvert Fire Insurance Company on a certain Ford automobile that had been owned by Guy B. Emery, the sole owner of Emery Motor Sales Company. The automobile had been destroyed by fire in an accident which caused the death of Mr. Emery. The policy named Emery Motor Sales and Commercial Credit Corporation as beneficiaries as their interest might appear. The proceeds of the policy were paid by Calvert Insurance Company to Commercial Credit Corporation, which applied it on an indebtedness of Emery Motor Sales Company for a loan on the car which was destroyed. A. J. Hayes, a large creditor of Emery Motor Sales Company, questioned whether Commercial Credit Corporation had advanced the money on the car and brought the suit on the basis that Commercial Credit Corporation and R. N. Stephenson, its manager, had agreed to collect the insurance money and pay it to him.

Count two was based on a claim that Commercial Credit Corporation had agreed to pay Hayes the proceeds of the insurance policy because he had purchased certain judgments which Commercial Credit Corporation held against Emery Motor Sales Company. This count was not submitted to the jury because the court had previously eliminated it.

By count three plaintiffs sought to recover a balance in a reserve account which Commercial Credit Corporation held for Emery Motor Sales Company under various financing agreements. Hayes disputed certain credits against this fund although he appears not to have been a party to the agreements.

From these facts it appears that plaintiffs filed the suit under Pa. R. C. P. No. 2229, which permits persons to join as plaintiffs those ". . . who assert any right to

relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action," and not strictly as joint holders of the cause of action.

Joint tenancies involve four basic elements. The ". . . four unities of time, title, interest and possession co-exist with the right of survivorship, which right is clearly manifested by the conveyance." *Sheridan v. Lucey*, 395 Pa. 306, 149 A. 2d 444.

A joint tenancy is severable by the action, voluntary or involuntary, of either of the parties, and the effect of the severance is to make the parties tenants in common. *Stanger v. Epler*, 382 Pa. 411, 115 A. 2d 197.

Parties making separate and distinct claims on a fund, with no joint or common right in the claims, have no right to take a joint appeal, *Commonwealth v. Union Surety & Guaranty Company*, 37 Pa. Superior Ct. 167; *Appeal of Adamson*, 110 Pa. 459, 1 A. 327; and although the claims be identical and depend upon the construction of the same instrument, a joint appeal may not be taken where the interest of each appellant is independent and distinct. *Samson's Estate*, 22 Pa. Superior Ct. 93.

This subject has been given an exhaustive review recently by this Court (Opinion by RHODES, P. J.) in *Maloney v. Rodgers*, 184 Pa. Superior Ct. 342, 135 A. 2d 88, and certain conclusions were reached; viz., (a) a tenant in common can enforce his claim to the extent of his interest without the joinder of the other; and (b) the fact that tenants in common have joined their claims in one action under Pa. R. C. P. No. 2229 for the sake of convenience does not in itself require that a new trial granted to one be granted to the other.

In light of the foregoing statements of law and facts, we must conclude that this appeal by Emery Motor Sales Company alone is not invalid because Hayes did not join in it. If the claim of Emery Motor Sales Company were owned solely by appellant or in common with Hayes, the appeal by Emery Motor Sales Company would be proper; and even though it had been a claim held in joint tenancy between the two, which it appears not to have been, the appeal by Emery Motor Sales Company would have worked a severance, so that affirmance of the verdict would support its part of the claim, whatever that might be. As in the *Maloney Case,* this might have the effect of establishing defendants' liability to appellant but requiring a new trial solely on the question of the amount of the verdict for appellant alone.

The motion to quash will be overruled and the appeal considered as by Emery Motor Sales Company alone. Since the case must be retried to determine the proper amount of a verdict for appellant, the only question which we must now decide is whether the new trial should also include the question of the liability of defendants to Emery Motor Sales Company.

The order of the court below contemplates a retrial as to both plaintiffs on all issues and was granted primarily for the reason that the evidence was not sufficient to prove that Emery Motor Sales Company had paid for the car covered by the insurance. Since the testimony has not been printed, it is difficult for us to say that the lower court erred; and it is only in cases of clear abuse of discretion or an error of law that the action of the lower court in awarding a new trial is overruled. *Edelson v. Ochroch,* 380 Pa. 426, 111 A. 2d 455. Further, the pleadings have not been printed, so that for that reason also it is difficult for us to fully determine on what theories this case was tried. Our examination of the briefs and partial record

leads us to believe that Hayes was seeking to recover on the basis of an oral promise by Commercial Credit Corporation made through its manager Stephenson to collect the proceeds of the policy as his agent or as agent for him and Emery Motor Sales Company; and elsewhere it appears that the claim of Emery Motor Sales Company was based on the written contract of insurance naming it and Commercial Credit Corporation as beneficiaries as their interest might appear, plus the additional fact that Emery Motor Sales Company had paid for the car and that Commercial Credit Corporation had not.

We note also that there is pending in the lower court a motion for judgment in defendants' favor under the pleadings, which has not been disposed of. The purpose of this motion appears to be the elimination of A. J. Hayes as a plaintiff and R. M. Stephenson as a defendant. If this motion were granted and the issue limited to the claim of appellant Emery Motor Sales Company v. Commercial Credit Corporation for the proceeds of the fire insurance and any balance in the reserve account held for Emery Motor Sales Company by Commercial Credit Corporation on its financing agreements, the matter would be greatly simplified.

It appears that the main controversy in the case is whether the destroyed car was paid for by Emery Motor Sales Company or by Commercial Credit Corporation and on this point the lower court in the opinion filed by ROBERTS, P. J., states, "There is nothing in the record to indicate that plaintiff [without naming which one] paid either Ford Motor Company or Commercial Credit Corporation the purchase price or any part thereof, nor is there any evidence that the car was paid for by anyone acting in behalf of plaintiff." On the other hand, Commercial Credit Corporation produced an invoice which though altered several times does to some degree sustain defendant's contention that it had advanced the money for the car.

In the absence of the entire record of testimony we cannot say that the court erred in granting a new trial for the reason assigned, viz., "We have carefully reviewed the record and we are of the opinion that the jury's finding on the issue of payment of the vehicle was against the weight of the evidence." Also, in light of all the conflicts and uncertainties to which we have made reference, we agree further with the lower court when it said, "The only remedy presently available for fairly adjudicating the respective rights of all parties to this proceeding is by the granting of a new trial."

We believe a new trial is required on all issues to accomplish justice; and where that is the situation, it should be granted. *Pascarella v. Pittsburgh Railways Co.*, 389 Pa. 8, 131 A. 2d 445; *Fisher v. Dye*, 386 Pa. 141, 125 A. 2d 472; *Maloney v. Rodgers*, supra; *Liebendofer v. Wilson*, 175 Pa. Superior Ct. 632, 107 A. 2d 133.

Trial courts have wide discretion to grant new trials when in their opinion the interests of justice require relitigation to arrive at a just verdict. *Morse Boulger Destructor Co. v. Arnoni*, 376 Pa. 57, 101 A. 2d 705; *Brady v. City of Philadelphia*, 156 Pa. Superior Ct. 607, 41 A. 2d 355.

The motion to quash this appeal is refused and the order granting a new trial affirmed.