[No. 1279-1.  Division One—Panel 2.  December 26, 1972.]

JACQUE L. MAYO, *Respondent,* v. K. DENNIS JONES *et al.,*
*Appellants.*

*Jack England* and *Kay Dennis Jones,* for appellants.

*Jackson, Ulvestad & Goodwin* and *Daniel G. Goodwin,*
for respondent.

SWANSON, J.—K. Dennis Jones and wife, hereinafter referred to as Jones, appeal from a judgment awarding Jacque L. Mayo $4,002.73 on plaintiff Mayo's suit for an accounting based on an alleged partnership between the

parties. The primary question presented in this appeal is, where a divorced couple holds a chose in action as tenants in common, may one of them prosecute that action and obtain a judgment without joining the other in the lawsuit?

Appellant Jones assigns error to the trial court's refusal to grant his motion to dismiss one-half of Mayo's complaint on the ground that Mayo is a tenant in common to the chose in action and therefore may not recover more than one-half of the claim. Appellant's argument is based upon the long-established rule in Washington that community property not disposed of in a divorce decree becomes property held by the former spouses as tenants in common. *Ambrose v. Moore,* 46 Wash. 463, 90 P. 588 (1907); *Witzel v. Tena,* 48 Wn.2d 628, 295 P.2d 1115 (1956). This rule is applicable to all community property not disposed of in a divorce decree, regardless of whether it is realty or personalty. *Harvey v. Pocock,* 92 Wash. 625, 159 P. 771 (1916); *Barkley v. American Sav. Bank & Trust Co.,* 61 Wash. 415, 112 P. 495 (1911). It is conceded by the parties that the partnership interest which is the subject of this action was personal community property not disposed of by the decree granting the divorce of respondent Jacque Mayo and his then wife Rae Mayo, and therefore the respondent Mayo's interest in the partnership is that of a tenant in common.

It is also well settled that the interest of a tenant in common is presumed to be an undivided one-half interest in the common property, although that presumption is rebuttable. *Iredell v. Iredell,* 49 Wn.2d 627, 305 P.2d 805 (1957). To award Mayo only one-half of his claim would be to divide an indivisible interest. This cannot be done except in a suit for that purpose joining all tenants and initiated by one of their number, or by agreement of the tenants. We conclude the trial court correctly denied appellant's motion to dismiss one-half of Mayo's complaint. *See generally* 2 H. Tiffany, *Real Property* §§ 468-83 (3d ed. 1939).

Jones' next assignment of error presents a different question, namely, whether or not the trial court erred in refusing to grant Jones' motion to amend his answer to

add the affirmative defense that all of the parties that should have been plaintiff were not before the court. Specifically, Jones contends that Mayo's former wife, as cotenant holding the common property, should have been joined as a party plaintiff to the lawsuit. We agree.

The underlying question presented here is whether or not one tenant in common, acting independently of his cotenants, may prosecute a cause of action against third parties, which action is the common property of the tenants. In an early case, our state Supreme Court held that a tenant in common could not maintain an independent cause of action of replevin to recover grain raised by the tenants but in the possession of a third party. *Vermont Loan & Trust Co. v. Cardin,* 19 Wash. 304, 53 P. 164 (1898). It is generally said that one tenant in common cannot maintain a replevin action without joining his cotenants because in such an action the plaintiff's right to possession must be exclusive in order to warrant a delivery of the property to him. *Brandt v. Hershey,* 198 Pa. Super. 539, 182 A.2d 219 (1962); *see also* Annot., 110 A.L.R. 353 (1937).

Further, and more directly analogous to the situation presented in the instant case, in *Schneider v. Biberger,* 76 Wash. 504, 136 P. 701, 6 A.L.R. 1056 (1913), it was held in a wife's action seeking damages for an indecent assault, the husband was a necessary party to the lawsuit even though the suit was filed following the couple's divorce. The wife argued that it was unnecessary to join her former husband in the suit inasmuch as the decree of divorce had been entered prior to her bringing the tort action. The Supreme Court disagreed:

> The divorce did not change the situation so far as property rights were concerned. The cause of action having arisen during the existence of the community, the damages would be community property, as the community status of property is determined and fixed at the time the property is acquired. . . .
> The respondent [wife] could have had this cause of action awarded to her in the divorce decree had she submitted it to the court, but not having done so, its

character is not disturbed by the decree. The community having been dissolved, there can now, of course, be no community property strictly speaking; but such property as was community property prior to the decree and not disposed of thereby would become common property, in which husband and wife would retain all the interest vested in them prior to the decree. [Citations omitted.] So that, whether the cause of action and the damages recoverable be now regarded as community or common property, the necessity for joining the husband in the action would be the same.

*Schneider v. Biberger, supra* at 507. Subsequent cases have cited *Schneider* primarily for the proposition that under the community property law then in effect the husband is the only necessary party for a wife's cause of action for her own personal injury. *Hammond v. Jackson,* 89 Wash. 510, 154 P. 1106 (1916); *Ostheller v. Spokane & I.E.R.R.,* 107 Wash. 678, 182 P. 630 (1919); *Hynes v. Colman Dock Co.,* 108 Wash. 642, 185 P. 617 (1919); *Clark v. Beggs,* 138 Wash. 62, 244 P. 121 (1926); *Erhardt v. Havens, Inc.,* 53 Wn.2d 103, 330 P.2d 1010 (1958). *But see* RCW 26.16.030.

It is apparent, however, that the *Schneider* court also based its holding on the proposition that the husband was a necessary party to the wife's action because her tort action was characterized as personal property held by the husband and wife as tenants in common. *See Wampler v. Beinert,* 125 Wash. 494, 216 P. 855 (1923). In this connection, the following statement in 2 H. Tiffany, *Real Property* § 467, at 295 (3d ed. 1939), is helpful:

As a general rule, tenants in common should sue separately in a real action, since each has a separate and distinct freehold, while in trespass and other personal actions based on injury to the possession, which they have in common, they must join, unless there has been a severance of the claims, in the absence of statutory provision to the contrary.

Neither counsel for appellant or respondent has cited any authority or analysis on this subject, but our research indicates that there is no clear Washington authority on the

applicability of the above-quoted rule and that the rule has not been uniformly applied in other jurisdictions.

Thus, it has been held that one tenant in common need not join his cotenants as party plaintiffs in an action for damages in trespass. *Kitchens v. Jefferson County*, 85 Ga. App. 902, 70 S.E.2d 527 (1952); *Carlson v. McNeill*, 114 Colo. 78, 162 P.2d 226 (1945). *See Anchorage Yacht Haven, Inc. v. Robertson*, 264 So. 2d 57 (Fla. 1972). *But see Haught v. Continental Oil Co.*, 192 Okla. 345, 136 P.2d 691 (1943). There is, however, substantial authority to support the proposition that a tenant in common may sue in real actions without joining his cotenants because each has a separate and distinct freehold interest. Thus, a tenant in common may sue a stranger for possession of common realty. *Lathem v. Lee*, 249 Ala. 532, 32 So. 2d 211 (1947). *Accord, Garrett v. Oddo*, 261 Ala. 172, 73 So. 2d 761 (1954) (suit to enforce equity of redemption); *Ayers v. Ayers*, 261 Ala. 421, 74 So. 2d 250 (1954) (suit for vendor's lien). Similarly, a tenant in common may maintain an independent action to remove a cloud from the title to the common property, *Velasco v. Mallory*, 5 Ariz. App. 406, 427 P.2d 540 (1967), or to enforce a restrictive covenant, *Baton v. Key Prod. Co.*, 315 S.W.2d 59 (Tex. Civ. App. 1958). *But see Bryan v. W. T. Smith Lumber Co.*, 278 Ala. 538, 179 So. 2d 287 (1965); *Lewis v. Romine*, 151 N.E.2d 156 (Ind. 1958). *See generally* 86 C.J.S. *Tenancy in Common* § 142 (1954).

The distinction between real and personal actions involving tenants in common becomes more clearly apparent in cases involving leaseholds. Thus, although one tenant in common may sue in ejectment to recover his interest in common land without joining his cotenants because in such an action he is seeking to recover his separate right in the land, all tenants in common must join in a suit by one of their number to cancel or rescind a lease because the lease contract is an entire and indivisible interest. *Kentucky Natural Gas Corp. v. Duggins*, 165 F.2d 1011 (6th Cir. 1948). *Accord, Sadler v. Public Nat'l Bank & Trust Co.*, 172 F.2d 870 (10th Cir. 1949); *LaFargue v. LaFargue*, 210 Ark. 97,

194 S.W.2d 438 (1946); *Needleman v. American Clothing Co.*, 115 Vt. 426, 63 A.2d 201 (1949).

In *London v. Kingsley*, 81 F. Supp. 83 (M.D. Pa. 1948), it was held that as to suits by tenants in common against third persons, all tenants must join in personal actions concerning the common property or based on a common right growing out of the property, unless there has been a prior severance of claims. The *London* court also indicated that it considered tenants in common to be indispensable parties to personal actions under the criteria set forth in *Washington v. United States*, 87 F.2d 421 (9th Cir. 1936). It has also been held that a statute authorizing the addition of new parties at any stage of a lawsuit does not abrogate the common-law rule that tenants in common must be joined in actions involving personalty. *Knowles v. Ponton*, 96 R. I. 156, 190 A.2d 4 (1963). Further, there is authority holding that when a person is a tenant in common with another, or a member of a copartnership, that person may not maintain an action against a party obligated to the cotenants or the copartnership without joinder of his cotenants or partners. *Rosen v. Rex Amusement Co.*, 14 F.R.D. 75 (D.C. Cir. 1952). We believe these cases state a rule applicable to the case at bar.[1]

---

[1]*But see Onorato v. Wissahickon Park, Inc.*, 430 Pa. 416, 244 A.2d 22 (1968); *Vann v. Industrial Proc. Co.*, 247 F. Supp. 14 (D.D.C. 1965); *Stewart Oil Co. v. Sohio Pet. Co.*, 315 F.2d 759 (7th Cir. 1963); *Hayes v. Stephenson*, 192 Pa. Super. 392, 161 A.2d 900 (1960). Language in these cases suggests that a tenant in common may sue separately in a personal action and recover to the extent of his interest as determined by the trial court. Even if we believed such a rule should be the law in Washington, it would not be applicable to the case at bar inasmuch as the appellant sued for the interest of his cotenant as well as his own, which cannot be done without joinder. *Onorato v. Wissahickon Park, Inc., supra.*

In *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102 (1942), the wife obtained a judgment of $1,500 for personal injuries suffered in an automobile accident but had not joined her divorced husband as party plaintiff though her pleadings showed that she was married when injured. The court concluded that the wife could recover only one-half of the judgment and awarded her $750. As we have indicated, we believe such a result is conceptually inconsistent with a tenancy in

It is undisputed that the respondent Mayo held the chose in action against the respondent Jones for a partnership accounting as a tenant in common with his former wife. It is also recognized that as tenants in common either Mayo or his former wife could bring an action to divide their common interest, but this was not done. *See London v. Kingsley, supra.* Therefore, on the basis of the authorities indicated, we hold that in the absence of a severance of the asset, a person who owns a chose in action as a tenant in common with another may not prosecute such action against a third party without the joinder of all cotenants. This holding is consistent with the previously quoted language in *Schneider v. Biberger, supra.*

Moreover, RCW 4.08.130 provides:

The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in.

We have concluded that the trial court improperly denied appellant's motion to amend his answer to add the affirmative defense that not all parties were before the court inasmuch as Mayo's former wife should have been joined under the quoted statute. The general rule for determining when joinder of additional parties is required was concisely stated in *State ex rel. Continental Cas. Co. v. Superior Court,* 33 Wn.2d 839, 207 P.2d 707 (1949) at 842 as follows:

When a complete determination of a controversy cannot be had without the presence of other parties, a mandatory duty is imposed upon the court to bring them in. If a complete determination can be had without the presence of other parties, then the right to bring them in is addressed to the sound discretion of the court.

common which involves undivided interests which cannot be divided except in an action for that purpose by all the cotenants or by agreement of the cotenants.

*See also In re Estate of Bridge,* 40 Wn.2d 133, 241 P.2d 439 (1952).

Applying this rule to the present controversy, it is apparent as a matter of due process that a tenant in common must be joined in a personal action if his interest is to be adequately protected. As a practical matter, the ability of the appellant Mayo's former wife to assert her common interest in the chose in action will be impaired, and the respondent Jones will be subject to the risk of a double obligation, if appellant Mayo is allowed judgment on the whole interest which is the subject of this lawsuit. These, among other factors, require the joinder of Mayo's former wife as cotenant and party plaintiff. *See* CR 19(a), (b).

■ Finally, appellant Jones assigns error to the trial court's judgment on the merits as follows: "[T]he plaintiff-respondent had a right to assume that there had been an oral partnership agreement between the plaintiff-respondent and the defendant-appellant, or that a partnership existed." This assignment of error cannot be considered. CAROA 43 provides in part:

> No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.

The assignment of error quoted above is neither directed to any specific finding by number or by inclusion of the specific finding in the brief. It is no more than a paraphrase of the court's findings of fact. We are compelled to follow the inflexible interpretation of this rule on appeal, as recently declared by our Supreme Court in *State ex rel. Bain v. Clallam County Bd. of Comm'rs,* 77 Wn.2d 542, 544, 463 P.2d 617 (1970):

> Findings of fact either made or refused do not constitute a basis for reversible error unless set forth verbatim in the briefs on appeal as specified in Rule on Appeal 43, RCW vol. 0. *Caffrey v. Cham-ionics Corp.,* 69 Wn.2d 641, 419 P.2d 809 (1966). Verbatim means verbatim, word for word. Unless set forth verbatim, the given findings will

be treated as verities for the purpose of the case and the refused findings disregarded on review. [Citations omitted.]

*See also Union Bank v. Kruger,* 1 Wn. App. 622, 463 P.2d 273 (1969).

For the reasons stated, the judgment of the trial court is vacated and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

FARRIS, A.C.J., and JAMES, J., concur.