318 So.2d 171 (1975)
MAYFAIR ENGINEERING CO., an Illinois Corp., Appellant,
v.
E. Paul PARK, Jr., et al., Appellees.
No. 74-1480.
District Court of Appeal of Florida, Fourth District.
July 31, 1975.
Rehearing Denied September 29, 1975.
Michael K. Feldman, Nelson Feldman & Davidson, Bay Harbor Islands, for appellant.
Alan S. Becker, Becker & Poliakoff, Miami Beach, for appellees.
*172 OWEN, Judge.
In dispute in this appeal is the right of appellant, condominium developer, to assign for consideration the right to the exclusive use of certain common elements of the condominium, to-wit, thirty-five parking spaces, which right appellant claims to have reserved to itself in the Declaration of Condominium. The trial court held that the thirty-five parking spaces were condominium property and, as such, were not subject to assignment by the developer. We reverse.
The Declaration of Condominium, which was filed before the present controversy arose, provided with respect to the condominium parking areas:
"D. The common elements include parking areas for automobiles of unit owners. Parking areas will be available for use pursuant to this Declaration and the Regulations of the Association."
The terms of use were thereafter spelled out in Article VIII of the Declaration, as follows:
"DESIGNATION AND ASSIGNMENT OF PARKING SPACES BY DEVELOPER

"Each unit owner shall have the right at no charge to the exclusive use of one automobile parking space, the exact location and designation of which shall be assigned and established by Developer at the time of the initial conveyance of title to a unit owner by Developer to such unit owner. The grant of the right to the exclusive use of one automobile parking space shall be evidenced by separate instrument executed by Developer in non-recordable form and delivered to the unit owner at the time such owner acquires fee title to his condominium unit. An executed copy of the instrument granting such shall be maintained by the Association. The Developer shall designate 35 parking spaces which the Developer in its own discretion may assign to unit owners in addition to the exclusive use of the one parking space previously referred to herein and such second parking space shall be considered as a limited common element appurtenant to such condominium unit owner."
By this language, all parking spaces were declared, in effect, to be limited common elements as that term is defined in Florida's Condominium Act, Fla. Stat., Ch. 711 (1969, Supp. 1970), which the Declaration expressly incorporated by reference.[1] This meant that each unit owner had the exclusive use of one parking space and the potential exclusive use of any number of the remaining thirty-five, but that all unit owners owned an undivided interest in all of the parking spaces.
While under this Declaration it is clear that the developer did not retain ownership of the thirty-five extra parking spaces (except to the extent that such was retained as an undivided interest appurtenant to the unsold condominium units of which the developer was still owner), undoubtedly he retained, by virtue of Article VIII, the right to assign their exclusive use. Moreover, while Article VIII makes no mention of the fact that the developer could receive consideration for this assignment, we think that this is implicit in the reservation clause, given the valuable nature of the property rights involved. The question for our consideration here is whether Florida's Condominium Act prohibits such an arrangement.
Appellees, unit owners, contend that upon the filing of the Declaration of Condominium, title to the limited or commn elements became vested in the unit owners *173 and that therefore the developer was no longer fee owner and had nothing to assign or convey. While there is no question that ownership of the thirty-five parking spaces passed to the unit owners upon the filing of the Declaration, we find that that ownership was subject to the use restrictions set out in Article VIII of the Declaration of Condominium and that such restrictions are not prohibited by Florida's Condominium Act. In fact, rather than finding any prohibition in the act against such a reservation, we find that the act anticipates and is amenable to the enforcement of just such a clause. Fla. Stat. § 711.04(2) provides, in part:
"(2) There shall pass with a unit as appurtenances thereto:
"(a) An undivided share in the common elements.
"(b) The exclusive right to use such portion of the common elements as may be provided by the declaration." (e.s.)
* * * * * *
Just as the Declaration assigned exclusive use of one space per unit, which assignment appellees do not question, it assigned exclusive use to the thirty-five spaces, in effect, to the developer who in turn was empowered to reassign this right to unit owners.
Nor do we believe that Fla. Stat. § 711.05 in any way prohibits the developer's right to reserve and sell the exclusive use of the thirty-five parking spaces. That section provides, in pertinent part:
"(1) The undivided share in the common elements which is appurtenant to a unit shall not be separated therefrom and shall pass with the title to the unit whether or not separately described.
"(2) A share in the common elements appurtenant to a unit cannot be conveyed or encumbered except together with the unit."
Otherwise stated, this section provides that title to the undivided share in the common elements appurtenant to a unit cannot be conveyed independent of the condominium unit and vice versa. We are not dealing here with a conveyance of title to any common elements, but rather with the assignment of a right to the exclusive use of such property.
Appellees urge that the situation in the case at bar is analogous to that presented in Ackerman v. Spring Lake of Broward, Inc., 260 So.2d 264 (4th DCA Fla. 1972) wherein we invalidated individual recreation leases entered into between the developer and unit owners. However, we find that case to be entirely distinguishable in that, there, the developer did not purport to reserve any interest in the common element at issue, but had leased the area absolutely to the condominium for ninety-nine years. Under those facts, we found that while the developer retained fee simple ownership of the recreation area and had a reversionary interest therein, it "had no present possessory interest in the property which it could validly lease to the individual unit owners". By contrast, in the case at bar, a present possessory interest is precisely what the developer reserved to itself for assignment to unit owners, at its discretion and impliedly for consideration, in Article VIII.
The unit owners knew or should have known of this reservation clause in Article VIII of the Declaration when they purchased their condominium units and therefore were on notice then of their limited right and interest in the thirty-five parking spaces. Enforcement of the Declaration's terms thus cannot be said to work a hardship upon them. See, Point East Management Corporation v. Point East One Condominium Corporation, Inc., 282 So.2d 628 (Fla. 1973).
The judgment is reversed and this cause remanded for further proceedings consistent herewith.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Fla. Stat. § 711.03(11) (1969) defines limited common elements as follows:

"Limited common elements means and includes those common elements which are reserved for the use of a certain unit or units to the exclusion of other units."