BERANEK, Judge.
Defendant appeals from an adverse summary judgment contending that material issues of fact precluded disposition of the matter in a summary manner. The controversy arises from plaintiff/appellee’s attempt to buy a condominium unit from the defendant/appellant. In 1979, the parties entered into a contract for the purchase of the condominium unit. The initial contract did not contain certain clauses concerning cancellation and oral representations as required by Section 718.503(l)(a) and (b), Florida Statutes (1981). It is the defendant’s contention that these deficiencies in the initial contract were cured by delivery of later documents and by subsequent dealings between the parties. Suit was eventually brought by the purchasers when they were unable to qualify for a mortgage at the rate agreed to by the parties. The purchasers sued in a complaint sounding in breach of contract, fraud, rescission, and conversion. The complaint was later amended to add a further count for statutory rescission pursuant to Section 718.506, Florida Statutes (1981), for failure to include certain statements under the Condominium Act. The court eventually granted summary judgment in the plaintiff’s favor based upon the statutory rescission theory. We find error and reverse.
Initially, we determine that there were issues of fact as to the defendant’s good faith attempts to comply with the requirements of the statutes and his substantial compliance therewith. See Section 718.505, Florida Statutes (1981). Secondly, we are doubtful as to the cause of action for statutory rescission where there is absolutely no demonstration that the plaintiff/purchaser was even slightly prejudiced by the technical statutory noncompliance of the seller. These parties were not involved in a standard real estate condominium transfer. Here, the purchasers were in possession for approximately three years and made various promises and commitments regarding the occupancy of the condominium unit and its eventual purchase. Indeed, the parties here do not even agree on whether a closing ever occurred. Suffice it to say that the matter should not have been disposed of by summary judgment.
The judgment below is vacated and the matter remanded to the trial court for further proceedings which may well include amendments to the pleadings.
JUDGMENT VACATED AND THE MATTER REMANDED.
ANSTEAD, C.J., and WALDEN, J., concur.