[No. 49698-6.   En Banc.   February 9, 1984.]

WINIFRED M. ROUSE, *Respondent,* v. GLASCAM
BUILDERS, INC., *Petitioner.*

STAFFORD, J., did not participate in the disposition of this case.

*Ronald F. Whitaker* (of *Walters, Whitaker, Finney & Falk*), for petitioner.

*Velikanje, Moore & Shore, Inc., P.S.,* and *Carter L. Fjeld,* for respondent.

[As amended by order of the Supreme Court May 11, 1984.]

DORE, J.—The issues we address in this action are (1) whether an individual condominium owner may bring an action for damages for negligence and breach of warranty in construction of a common area patio without joinder of other condominium owners as party plaintiffs, and (2) whether the refusal to make repairs to a common area patio constitutes a violation of the Consumer Protection Act.

I

On December 30, 1976, plaintiff/respondent, Mrs. Winifred M. Rouse, purchased a condominium in the Windcrest

Villa Townhouse Condominium Development from defendant/petitioner, Glascam Builders, Inc. Within 5 months after purchase, Rouse discovered that the patio to her condominium was breaking and pulling away from the rest of the apartment unit. In May 1977, she advised Leland Campbell, president of Glascam Builders, Inc., of the defect and requested that it be repaired. Campbell told Rouse that Glascam Builders would repair the problem. The repair work was delayed and Rouse and/or her son had repeated telephone conversations with Campbell from the fall of 1977 through 1978 and 1979, but Glascam failed to perform the necessary repair work. Campbell again visited the Rouse condominium to examine the damaged patio in late March 1978. Throughout these visits and telephone communications, Campbell continued to indicate that Glascam would repair the patio. Finally in April 1981, Campbell wrote a letter to respondent indicating that Glascam was now refusing to perform the repair work on the basis that the warranty had expired in December 1977.

Rouse then commenced this lawsuit in Yakima County District Court in December 1981, alleging negligence, breach of warranty, and violation of the Consumer Protection Act. Glascam answered, alleging in part that Rouse's interest in the patio, a "limited common area," was that of a tenant in common. Therefore, she had no standing to sue for damages resulting from defects in the patio absent joinder of all other cotenants.

The District Court held plaintiff owned the patio area as her sole property and did not share it as tenant in common with other unit owners. The court found defendant liable on theories of negligence and breach of warranty, and awarded plaintiff $2,746.80 in damages and $1,320 in attorney fees pursuant to warranty provisions in the sales contract. The trial court found no Consumer Protection Act violation.

On appeal, the Yakima County Superior Court held that plaintiff's interest in the patio was that of a tenant in common. However, because plaintiff had exclusive use of the

limited common area, the trial court ruled she had standing to sue individually for damages to the patio. The court further held that the applicable warranty provisions had, in fact, expired prior to the time plaintiff purchased her unit. Defendant's liability was in negligence and no attorney fees were awarded. The Superior Court affirmed the trial court's ruling that defendant's acts did not violate the Consumer Protection Act. Glascam appealed to this court, claiming that the patio, which was the subject of this lawsuit, was owned by the respondent as a tenant in common and, therefore, she had no status to bring this action without joining her other cotenants of the patio as party plaintiffs. Rouse cross–appeals, seeking attorney fees under the contract and/or Consumer Protection Act.

## II

The first issue we must address is the nature of Rouse's interest in the limited common area (patio) and whether such interest requires joinder of all other condominium owners as necessary parties.

Glascam argues that under the terms of the Horizontal Property Regimes Act, RCW 64.32, and the Condominium Declaration filed of record, the patio was designated a "limited common" area. Plaintiff had exclusive use of the patio but owned only an undivided interest therein as tenant in common. Glascam contends as a tenant in common Rouse had no individual standing to sue, and all other cotenants must be joined as necessary parties. *See Schneider v. Biberger,* 76 Wash. 504, 136 P. 701, 6 A.L.R. 1056 (1913); *Mayo v. Jones,* 8 Wn. App. 140, 505 P.2d 157 (1972).

Rouse argues that because the Condominium Declaration grants her exclusive use of the limited common area (patio), her interest therein is not that of a tenant in common. The essential attribute of a tenancy in common is unity of possession. 86 C.J.S. *Tenancy in Common* § 5 (1954); *Falaschi v. Yowell,* 24 Wn. App. 506, 601 P.2d 989 (1979). Rouse equates her exclusive use of the patio with the concept of

possession and contends the essential unity of possession is absent. Therefore, she argues she is sole owner of the patio area and has standing individually to bring this lawsuit.

The nature of ownership interests in a condominium is defined in RCW 64.32.040:

> Each apartment owner shall be entitled to the exclusive ownership and possession of his apartment but any apartment may be jointly or commonly owned by more than one person. Each apartment owner shall have the common right to a share, with other apartment owners, in the common areas and facilities.

Generally, condominium owners own their apartments in fee and an undivided interest in the common areas as tenants in common. *See Scott v. Williams,* 607 S.W.2d 267 (Tex. Civ. App. 1980); *Friendly Village Comm'ty Ass'n No. IV v. Silva & Hill Constr. Co.,* 31 Cal. App. 3d 220, 107 Cal. Rptr. 123, 69 A.L.R.3d 1142 (1973). Limited common areas are defined in RCW 64.32.010(11):

> "Limited common areas and facilities" includes those common areas and facilities designated in the declaration, as it is duly recorded or as it may be lawfully amended, as reserved for use of certain apartment or apartments to the exclusion of the other apartments.

The statute is silent on the nature of the ownership interest an apartment owner has in a limited common area.

The Condominium Declaration (Declaration) filed by Glascam Builders, Inc., pursuant to the Horizontal Property Regimes Act, RCW 64.32, specifically defines common areas and limited common areas in the Windcrest Villa Project:

> (4) *Description of the common areas.*
> The common areas and facilities include:
> (a) All land area not occupied by a residence apartment or not described hereinafter as a limited common area (patio), with all landscaping, walks and driveways situated thereon.
> (b) The foundations, columns, girders, supports, beams and main walls and roofs of the residence buildings, garage areas and storage areas.

(5) *Description of the limited common areas and facilities.*

Each apartment has set aside for its exclusive use a patio area located immediately behind the respective apartment. Patio areas are shown on the Plan, Exhibit "B," and designated by the apartment number to which they pertain, with the addition of the prefix "P." Thus, apartment no. 1 is assigned to and has exclusive use of the patio area designated on the Plan as area P–1. Apartment no. 2 is assigned to and has exclusive use of the patio area P–2, etc., through apartment no. 45, which is assigned to and has exclusive use of the patio area P–45.

Neither the statute nor the subject Declaration defines the common law property interests of those owners to whom the exclusive use was granted in limited common areas. This is not surprising as condominiums or horizontal property regimes were unknown in common law. They are a recent and necessary creation for our times which attempts to give individuals private and exclusive ownership interests in situations where the land and often portions of the structures built upon the land must be jointly owned.

The fact that RCW 64.32.010(11) defines "limited common areas" in terms of common areas suggests that the nature of the owners' interest in the limited common area is different from their interest in the apartment itself. The apartment is owned in fee and the owner retains an individual interest in the common areas as tenant in common. RCW 64.32.040. From the statutory definitions and the descriptions contained in the Declaration, it appears that individual unit owners own an undivided interest in the limited common areas as tenants in common.

This appears to be the prevailing rule in other jurisdictions which have considered this issue. In *Mayfair Eng'g Co. v. Park,* 318 So. 2d 171, 172 (Fla. Dist. Ct. App. 1975), the court analyzed the nature of ownership interests in parking spaces located in the condominium project and defined in the Declaration as "limited common areas":

By this language, all parking spaces were declared, in effect, to be limited common elements as that term is

defined in Florida's Condominium Act, Fla.Stat., Ch. 711 (1969, Supp.1970), which the Declaration expressly incorporated by reference. This meant that each unit owner had the exclusive use of one parking space and the potential exclusive use of any number of the remaining thirty–five, but that all unit owners owned an undivided interest in all of the parking spaces.

(Footnote omitted.) *Accord, Board of Directors of By the Sea Coun. of Co–Owners, Inc. v. Sondock,* 644 S.W.2d 774 (Tex. Ct. App. 1982); *Juno By The Sea N. Condominium Ass'n (The Towers), Inc. v. Manfredonia,* 397 So. 2d 297 (Fla. Dist. Ct. App. 1980).

Labeling the ownership interest as tenants in common, however, does not end our inquiry.

■ Generally, when a person owns property as tenant in common with another, that person may not bring an action against a party obligated to the cotenants without joinder of the cotenants. *Mayo v. Jones, supra.* Courts have recognized an exception to this rule and allowed individual suits by cotenants where the cotenant bringing the suit has possession and control of the common property and brings the action for the protection of his several interests. *See generally* 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 110 (1965); *Onorato v. Wissahickon Park, Inc.,* 430 Pa. 416, 244 A.2d 22 (1968); *Rosenthal v. Caballero,* 309 So. 2d 797 (La. Ct. App. 1975). In the present case, the Superior Court adopted this view and held that Rouse owned the patio area as a tenant in common but refused to require joinder of the other condominium owners. We agree.

The Superior Court's ruling is premised on the theory of CR 19. Under this rule, a person who claims an interest in the subject matter of an action must be joined if disposition of the action in his absence will (1) impair his ability to protect his interest, and (2) leave persons already parties subject to substantial risk of incurring multiple obligations resulting from the absent parties' interest. The Texas court recently applied this analysis in allowing individual condominium owners to sue the condominium board of directors to protect their interest in limited common areas within the development. *Board of Directors of By the Sea Coun. of*

*Co–Owners, Inc. v. Sondock, supra.*

This analysis is reasonable in the particular circumstances of this case. Respondent's interest in the limited common area (patio) is exclusive in nature and thus different from her cotenancy interest in general common areas. The interest of the other cotenants in the value of the patio area will be served by respondent's successful prosecution of this suit resulting in the patio area being repaired. As a practical matter, defendant Glascam Builders will not be subject to suits brought by the other cotenants once the defects in the patio area are cured. The Superior Court's refusal to require joinder of the other cotenants is affirmed.

## III

The final issue addressed is whether Rouse was entitled to attorney fees either by the contract provisions or for violation of the Consumer Protection Act. Both the trial court and the Superior Court on appeal held that Glascam's acts in this case did not amount to unfair or deceptive practices in violation of RCW 19.86.020.

For a private individual to initiate an action under the Consumer Protection Act, the conduct complained of must: (1) be unfair or deceptive; (2) be within the sphere of trade or commerce; and (3) impact the public interest. *Haner v. Quincy Farm Chems., Inc.,* 97 Wn.2d 753, 759, 649 P.2d 828 (1982); *Anhold v. Daniels,* 94 Wn.2d 40, 614 P.2d 184 (1980). *Anhold* established the test to determine whether the public interest requirement is met:

> We believe the presence of public interest is demonstrated when the proof establishes that (1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce has induced the plaintiff to act or refrain from acting; (2) the plaintiff suffers damage brought about by such action or failure to act; and (3) the defendant's deceptive acts or practices have the potential for repetition.

*Anhold,* at 46.

This case fails to satisfy the public interest requirement in that it presents a single isolated act and does not have the potential for repetition necessary to impact the public

interest. There is no evidence in the record to indicate that Glascam has acted unfairly or deceptively toward any other condominium owners in the development.

We agree with the Superior and trial courts that Glascam's acts did not amount to unfair or deceptive practices in violation of the Consumer Protection Act. Accordingly, Rouse is not entitled to statutory attorney fees.

■■ The trial court awarded Rouse attorney fees pursuant to the warranty provisions of the sales contract. The Superior Court reversed this award on appeal, holding that the applicable warranty provisions had, in fact, expired prior to her purchase of the condominium unit. The Offer to Purchase provides:

> 8. Seller expressly warrants that the apartment unit to be constructed shall be free of defects in workmanship or material for a period of one year from the date of closing and warrants that the common areas shall be free of defects in workmanship or material for a period ending September 30, 1976. This warranty is given in lieu of all other warranties of merchantability or fitness, express or implied, and is the only warranty made by seller.

The contract further provided that in any action brought upon the agreement, the prevailing party shall be entitled to reasonable attorney fees. The warranty makes no provision for limited common areas (patios) as that term is defined in the Declaration. This provision creates an ambiguity as to whether the limited common areas are considered a part of the apartment unit with the 1–year warranty subsequent to purchase or are such limited common areas a part of common areas with the expired warranty. The ambiguity must be construed against the drafter. *Guy Stickney, Inc. v. Underwood,* 67 Wn.2d 824, 410 P.2d 7 (1966). Glascam appears to have considered the 1–year warranty applicable when promises were made to make repairs until some time after such period had expired. Further, Glascam is equitably estopped to raise the contractual limitations period as a defense. Estoppel arises where the statements or promises of the defendant induce the plaintiff, in reasonable reliance, to act or forbear to act to his prejudice. *Marsh v. General Adj. Bur., Inc.,* 22 Wn. App.

933, 592 P.2d 676 (1979); *Buchanan v. Switzerland Gen. Ins. Co.,* 76 Wn.2d 100, 455 P.2d 344 (1969).

There exists substantial evidence in the record to support the trial court's findings that Glascam, through its agent Campbell, induced Rouse from June 1977 to April 1981 to refrain from bringing legal actions against Glascam as a result of the repeated assurances that the necessary repairs would be made. Rouse's reliance upon such representations was reasonable and, consequently, the trial court properly awarded her judgment on both negligence and warranty claims. Rouse is further entitled to an award of attorney fees pursuant to the provisions of the contract.

## CONCLUSION

The Superior Court properly held that Rouse owned the limited common area as a tenant in common but was not required to join the other condominium owners as plaintiffs to the suit. The award of damages is supportable on both negligence and warranty. There was no violation of the Consumer Protection Act; however, the Superior Court erred in reversing the award of contractual attorney fees. Therefore, we remand for the purpose of awarding Rouse, the prevailing party, reasonable attorney fees in the trial court. Rouse has not complied with RAP 18.1 in the appellate proceedings and is accordingly denied fees on appeal. *See Simonson v. Fendell,* 101 Wn.2d 88, 675 P.2d 1218 (1984).

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

After modification, further reconsideration denied May 11, 1984.