458 So.2d 439 (1984)
BEACH PLACE JOINT VENTURE, Owner of Beach Place, a Condominium, Appellant,
v.
BEACH PLACE CONDOMINIUM ASSOCIATION, INC., a Corporation Not for Profit, for Itself, and for the Unit Owners of Beach Place, a Condominium, Appellee.
No. 84-411.
District Court of Appeal of Florida, Second District.
November 14, 1984.
*440 Eurich Z. Griffin of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellant.
Otto E. Halboth, St. Petersburg, for appellee.
PER CURIAM.
Appellant, Beach Place Joint Venture, owner of Beach Place, a condominium, seeks review of the trial court's finding that a second floor unit was a common element. We reverse.
Appellant contends that when there is a change between the proposed plat of a condominium, the recorded plat and the condominium "as built," by the addition of one unit, that unit does not automatically become a common element. In the limited context of this case, we agree.
The proposed condominium plat, recorded prior to construction of Beach Place, a condominium, shows Building No. 1 as a six-story building. The ground floor was designated as covered parking. The first floor plans show four apartments or living units, running approximately east to west, and one office unit. The office unit is in what is shown as a three-story "appendage," built on the northeast corner of Building No. 1 behind an outside stairwell. The three stories of this "appendage" were to be a covered patio on the ground floor, an office on the first floor, and a mechanical room on the second floor. The second floor plans for Building No. 1 show four living units and the mechanical equipment room, a common element, above the first floor office unit. The third, fourth and fifth floor plans indicate four living units and nothing above the mechanical equipment room.
After construction began, appellant, the developer, decided to add a unit on the third floor in the area above the mechanical equipment room. These units in the office and mechanical room appendage were not similar to the living units. Because the *441 City of Madeira Beach required appellant to certify that the additional space would not be used as living space, appellant moved the mechanical equipment room to the additional third floor unit and converted the second floor space into an office unit. This change is shown in the final survey and plat. According to the testimony of a condominium association board member, the final survey and plat had to be approved by the board. This action occurred sometime in 1980.
The final survey and plat were not properly recorded. The final documents were presented to the title company for recording. Allegedly, someone at the title company or a clerk at the Clerk of the Court's Office, decided there had been no changes to the condominium since the proposed survey was recorded. Only the first page of the final survey was recorded. The additional third story space was excluded from the document.
In 1981, sales of the condominium units began. Purchasers were given copies of the survey and plat as they had been erroneously recorded. In July 1981, the unit owners took control of the condominium association. At an association meeting in late 1981 or early 1982, someone mentioned that the condominium plans did not show office space owned by appellant on the second floor, but instead indicated a mechanical equipment room.
The condominium association, appellee, informed appellant that rent had to be paid on the second floor unit. This was the first indication to appellant that the plans, as recorded, were not correct. Appellant informed appellee that a mistake had been made in recording the condominium documents and asked appellee to sign an amended plat to correct the error. Appellee refused. The corrected documents show office space on the first and second floors and a mechanical equipment room on the third floor, as the building was actually constructed. Appellee filed a complaint for declaratory relief, seeking to have the court declare that the second floor unit was a common element based on the plans showing the space as the mechanical equipment room. Appellant answered, claimed ownership of the unit and maintained affirmative defenses of waiver and estoppel based on appellant's continued use and enjoyment of the unit with appellee's knowledge. Appellant also sought reformation of the documents. The trial court found that the second floor area was a common element and ordered reformation of the condominium documents to conform with its order.
Appellant argues it was error to find that the second floor office unit was a common element. Appellant urges that a good faith attempt was made to comply with the Condominium Act, chapter 718, Florida Statutes (1981), and that the recording error should not be used to provide a windfall to the condominium owners. We agree.
The additional third floor space was not shown in the plans the condominium received by the purchasers. Thus, by observing the actual construction, unit owners should have been on notice that there was a change in the plans. When the unidentified additional unit was built, purchasers had no reason to believe that it was to be a common element under the terms of the Declaration of Condominium. Cf. Mayfair Engineering Co. v. Park, 318 So.2d 171 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 20 (Fla. 1976).
The Declaration of Condominium defines common element as "all parts of the improvements which are not included in the apartments." However, a subsequent clause provides for office units owned by the developer which are outside the apartments. This provision contradicts the definition of common element. According to the survey and plat they received and the Declaration of Condominium, purchasers could only rely on holding an interest in the mechanical equipment room, not on an interest in the mechanical equipment room and the additional unit when they bought the property.
*442 Despite the change in the plans, purchasers have received an interest in a mechanical equipment room of the same size and configuration as represented in the survey and plat they received. There was no finding by the trial court that the relocation of the mechanical equipment room was a material change. See, e.g., Palma Sola Harbour Condominium Inc. v. Huber, 374 So.2d 1135 (Fla. 2d DCA 1979). Further, it appears that appellant made a good faith attempt to comply with the disclosure requirements of the Condominium Act. See, e.g., Bruce v. O'Neill, 445 So.2d 379 (Fla. 4th DCA 1984). There is testimony that appellant obtained approval of the amendments from the board of directors of appellee prior to the sale of the first condominium unit. Appellant also attempted to record the amended documents. However, the amendments were not properly recorded. In the absence of a showing of prejudice to the purchasers represented by appellee, appellee is not entitled to an interest in the additional unit. It would be improper to deprive appellant of the additional space created because of a technical error, when the purchasers nonetheless received substantially the same interest they bargained for.
For the reasons stated above, we reverse the trial court and remand for any necessary proceedings consistent herewith.
HOBSON, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.