In the Matter of the ESTATE OF Katherine Wentland GORRELL, Deceased.

In re Robert E. GORRELL, Respondent.

No. 870372.

Supreme Court of Utah.

Nov. 8, 1988.

Michael J. Glasmann, David L. Deisley, Salt Lake City, for petitioner.

Pete N. Vlahos, Ogden, for respondent.

DURHAM, Justice:

This case comes to us on writ of certiorari from the Utah Court of Appeals. First Security Bank of Utah, personal representative of the estate of Katherine Gorrell, appeals from a decision holding that approximately $43,000 in cash found after her death was not within the decedent's exclusive ownership and therefore not within her estate. The issue in this case is the nature of the presumption to be applied to cash found in the marital residence by the surviving spouse when proof of ownership is absent. We hold that such property is presumed to be held by both spouses as tenants in common.

Respondent Robert and Katherine Gorrell had been married for twenty-two years when Mrs. Gorrell died at the age of eighty. Mrs. Gorrell owned her own beauty shop, a car, and the couple's residence at the time of the marriage. She continued to operate the beauty shop for a few years. Mr. Gorrell, who brought no property or assets into the marriage, worked regularly during the marriage, turning over all his paychecks to his wife, who managed the family finances. Shortly after his wife's death, Mr. Gorrell discovered approximately $43,000 in small bills hidden in a roasting pan in the kitchen. First Security Bank sued in district court, claiming that the money belonged to Mrs. Gorrell's estate and should be distributed according to her will. The trial court held that absent proof of the source of the cash, the burden was on Mr. Gorrell to overcome a presumption in favor of Mrs. Gorrell's exclusive possession and control. The trial court found that the evidence was evenly balanced as to the source of the cash and that the presumption therefore applied. Mr. Gorrell appealed.

The Court of Appeals reversed the trial court's ruling that the cash was solely an asset of the decedent's estate. It held that it was error to place the burden on Mr. Gorrell to prove the source of the cash and that the bank had failed to make a prima facie showing of the decedent's exclusive ownership. *Estate of Gorrell v. Gorrell,* 740 P.2d 267, 270 (Utah Ct.App.1987). Thus, the sole issue before us is the nature

of the presumption to be applied to cash found under these circumstances.

Before Mrs. Gorrell's death, Mr. and Mrs. Gorrell enjoyed a long-term marital relationship. Marital partnerships occupy an important position in society which courts and legislatures frequently deem worthy of special protection. In addition, married couples generally pool resources and share expenses. In this case, the trial court found it impossible to determine the source of the money or exclusive ownership due to the comingling of the parties' earnings and assets in the marriage. In deference to the policy considerations in favor of marital partnerships, we hold that in the absence of proof of actual ownership, property in the marital home is presumed to be held in a tenancy in common, half by the husband, half by the wife.[1] This presumption is rebuttable and reflects the usual realities of the marital relationship. In this case, its application allows Mr. Gorrell "his" share of the disputed marital property while permitting the decedent's estate to distribute "hers" as she wished.

The decision of the Court of Appeals is reversed, and we remand to the trial court for entry of a judgment consistent with this opinion.

HALL, C.J., and HOWE, Associate C.J., and ZIMMERMAN, J., concur.

STEWART, J., having disqualified himself, does not participate herein.

---

1. It is presumed that the shares of co-tenants are equal. *Sanders v. Knapp,* 674 P.2d 385, 387 (Colo.Ct.App.1983); *Mayo v. Jones,* 8 Wash.App. 140, 505 P.2d 157, 158 (1972).