NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHASE CONSTRUCTION NORTH WEST INC., a Washington Company, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AIX SPECIALTY INSURANCE COMPANY, a foreign insurer, <br><br> Defendant-Appellee. | No.   15-35591 <br><br> D.C. No. 2:15-cv-00019-RAJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted February 8, 2018[**]
Seattle, Washington

Before:  M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,[***] District Judge.

This case arises out of a general commercial liability insurance policy ("the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Policy") that Plaintiff-Appellant Chase Construction North West, Inc. ("Chase") purchased from Defendant-Appellee AIX Specialty Insurance Company ("AIX"). The Policy covered property damage arising from Chase's commercial operations as a construction and remodeling company. When the Oakbrook Country Club Condominium Association ("Oakbrook") sued Chase over an allegedly defective roofing project, AIX refused coverage on the grounds that the Condo Exclusion applied to exclude coverage. Relevant here, the Policy excluded work performed in connection with condominiums (the "Condo Exclusion"), except where "such work is being done under contract with the owner(s) of the single unit being worked on" (the "Exception"). Chase filed suit in the United States District Court for the Western District of Washington, seeking a declaration that, under the Policy, AIX had a duty to defend and indemnify Chase against the Oakbrook lawsuit. Chase now appeals from the district court's decision granting summary judgment for AIX and concluding that AIX had no duty to defend or indemnify Chase against the Oakbrook lawsuit. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing *de novo*, we conclude that the district court correctly concluded that the Condo Exclusion applies to exclude from coverage damage arising out of the roofing work performed by Chase on Buildings I and D, on the grounds that it constitutes property damage arising from work performed "in connection with any

2

condominium." We reject Chase's argument that the term "unit" can be read to mean a "single entity" or "any group of things . . . regarded as an entity," such that Buildings I and D, each containing multiple condominiums, can be regarded as a "single unit" for the purposes of the Exception to the Condo Exclusion. Chase has not shown how this interpretation reflects the ordinary meaning of the term. *Kish v. Ins. Co. of N. Am.*, 883 P.2d 308, 311–12 (Wash. 1994) (Courts give undefined policy terms their "plain, ordinary, and popular meaning."). Under Washington law "units" is used to describe portions of a condominium designated for separate ownership. *See, e.g.*, Wash. Rev. Code §§ 64.34.020(41), 64.34.204(1), 64.34.216(d); *see also, e.g.*, *Rouse v. Glascam Builders, Inc.*, 677 P.2d 125, 129 (Wash. 1984) (discussing the rights of "individual unit owners" in common areas); *Fairway Estates Ass'n of Apartment Owners v. Unknown Heirs & Devisees of Young*, 289 P.3d 675, 680 (Wash. Ct. App. 2012) (defining "unit" to be an area designated for separate ownership). Chase cites no authority in which buildings containing multiple condominiums are discussed or defined as "units," and Chase concedes that Oakbrook had no ownership interest in either the individual units, the buildings, or the roofs. Chase's interpretation is also inconsistent with the way the term "unit" is used in the Policy, which elsewhere refers to "single family units" to denote a residential unit that cannot be subdivided. *See Allstate Ins. Co. v. Bauer*, 977 P.2d 617, 620 (Wash. Ct. App. 1999) ("Courts view insurance

3

contracts in their entirety and do not interpret phrases in isolation.").

Moreover, we agree with the district court that the extremely broad interpretation offered by Chase would render the Condo Exclusion either nugatory or absurd because any condominium work contracted through the owner of an individual residential unit, the owners of multiple units, and/or the agent for multiple owners would be covered under the Policy, effectively reading out of the Exception the portion that limits coverage to work being done "under contract with the owner(s) of the single unit being worked on." *See Pub. Util. Dist. No. 1 of Klickitat Cty. v. Int'l Ins. Co.*, 881 P.2d 1020, 1026 (Wash. 1994) ("Overall, a policy should be given a practical and reasonable interpretation rather than a strained or forced construction that leads to an absurd conclusion, or that renders the policy nonsensical or ineffective."); *Bauer*, 977 P.2d at 620 ("Insurance policy language is interpreted . . . in a way that gives effect to each provision.").

In sum, it is not enough that Chase has presented one *possible* definition of "unit," where that interpretation has not been shown to be reasonable. *See Kaplan v. Nw. Mut. Life Ins. Co.*, 65 P.3d 16, 25 (Wash. Ct. App. 2003). Because Chase has not presented a reasonable alternative interpretation of the Condo Exclusion, we conclude that the Exclusion is unambiguous and applies to exclude coverage on the claims raised in the Oakbrook litigation. *See Allstate Ins. Co. v. Hammonds*, 865 P.2d 560, 562 (Wash. Ct. App. 1994) ("A clause in [an insurance] policy is

4

ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." (citation omitted)).

**AFFIRMED.**