Claude BATEMAN, Jr., et al., Appellants,

v.

CARTER–JONES DRILLING COMPANY,
et al., Appellees.

No. 6868.

Court of Civil Appeals of Texas.

Texarkana.

April 12, 1956.

Rehearing Denied May 10, 1956.

J. F. Norris Dennard, Cloy D. Monzingo, Ben M. Payne, Jr., Henderson, R. L. White-head, Longview, for appellants.

Bean & Ford, Kilgore, Kenley, Sharp & Ritter, Longview, Ripley E. Woodard, B. L. Templeton, Houston, for appellee.

DAVIS, Justice.

On November 28, 1911, Emma Daniel and Marjorie Daniel conveyed to C. H. Pryor 130 acres of land situated in the Isaac Lee H. R. Survey in Gregg County, Texas. A vendor's lien was reserved in this deed which was filed for record in Gregg County on February 14, 1917.

On December 28, 1922, C. H. Pryor, et ux., by deed of trust conveyed the 130-acre tract of land to The Federal Land Bank of Houston along with four other tracts totaling 378 acres situated in Rusk County, Texas. This was to secure a deed of trust note of even date therewith by C. H. Pryor, et ux., to The Federal Land Bank of Houston in the principal sum of $4,000, payable in semi-annual installments of $130 on the first day of January and July of each year thereafter, and a final payment of $129.68 on the first day of July 1957. The deed of trust was filed for record in Gregg County on January 8, 1923.

On October 15, 1923, C. H. Pryor conveyed the 130-acre tract to Willie Daniel, subject to the foregoing deed of trust lien. This deed was filed for record in Gregg County on October 17, 1923.

On September 20, 1929, Willie Daniel, et ux., conveyed said 130 acres to G. R. Reed, subject to the deed of trust lien. This deed was filed for record in Gregg County on September 20, 1929.

On October 7, 1930, G. R. Reed recovered judgment against Willie Daniel, et ux., for title and possession of said 130 acres of land. This was a suit apparently for the purpose of correcting some deficiency of description. It was a default judgment. The Federal Land Bank of Houston was not a party to the suit.

On January 31, 1931, G. R. Reed conveyed an undivided ½ interest in all the oil, gas and other minerals in the 130 acres to J. R. Phillips. This deed was filed for record in Gregg County on February 4, 1931.

C. H. Pryor, et ux., defaulted in the installments on said deed of trust note of January and July 1932, and January and July 1933. On July 6, 1933, by resolution of The Federal Land Bank of Houston, by virtue of an acceleration clause in the aforementioned note, exercised its option to declare all the balance of said note due and payable, and directed the trustee to proceed with the sale of the property. Notices of sale were issued and posted in three places in both Rusk and Gregg Counties that said land would be sold at public auc-

tion by an attorney-in-fact (provided for in said deed of trust) at Henderson in Rusk County, Texas, on August 1, 1933. On August 1, 1933, a sale of the land was made by an attorney-in-fact appointed by the trustee. The sale was held at Henderson in Rusk County, Texas, and the attorney-in-fact bid all the land in for the Bank for a consideration of $3500.

On August 18, 1933, the attorney-in-fact executed a deed to The Federal Land Bank of Houston which was filed for record in Gregg County on August 19, 1933. This deed was then recorded by the county clerk in the deed of trust records in Gregg County. This deed was again filed for record in Gregg County on May 2, 1947, and was then recorded in the deed records.

On October 25, 1934, The Federal Land Bank of Houston conveyed the 130-acre tract of land to J. B. Freeman, by a straight warranty deed. This deed was filed for record on January 19, 1935. On July 22, 1935, J. B. Freeman, et ux., by assumption deed, conveyed the 130-acre tract of land to Rembert National Bank of Longview. This deed was filed for record in Gregg County on July 24, 1935.

On February 6, 1936, Rembert National Bank of Longview, by assumption deed, conveyed the 130 acres of land to Bluford Stinchcomb. This deed was filed for record in Gregg County, on February 7, 1936.

On April 19, 1955, J. R. Phillips conveyed to Claude Bateman, Jr., and R. D. Baskett an oil and gas lease on an undivided ½ interest of all the minerals in and to said 130-acre tract. This lease was filed for record in Gregg County on April 29, 1955.

On May 16, 1955, Claude Bateman, Jr., R. D. Baskett and J. R. Phillips filed suit against Carter-Jones Drilling Company, a co-partnership composed of J. K. Maxwell, H. C. Jones, C. C. Woodruff and W. T. Maxwell; against each member of the partnership individually; and against Noel M. Stinchcomb, a widow, Mary Noel Lutes and husband, Charles W. Lutes, Joanna Hutchings Hudson, a feme sole, Cherokee Water Company, a corporation, South-western Gas & Electric Company, a corporation, and The Federal Land Bank of Houston, in trespass to try title to a ½ undivided mineral interest in said 130-acre tract of land; and, in the alternative, for reformation and cancellation of the deed dated August 18, 1933, by the substitute trustee to The Federal Land Bank of Houston.

On May 17, 1955, Bluford Stinchcomb, et al., conveyed to Carter-Jones Drilling Company an oil and gas lease upon all the oil, gas and other minerals in and to the 130-acre tract of land. This lease was filed for record May 20, 1955.

On July 2, 1955, plaintiffs filed their first amended petition in said cause. In their amended petition, plaintiffs sued in trespass to try title and for reformation and cancellation of the aforementioned deed dated August 18, 1933, to The Federal Land Bank of Houston.

Apparently all the defendants had answered except Joanna Hutchings Hudson, a feme sole, who, according to the record, had not been served with citation at the time judgment was rendered in the case. Defendants Carter-Jones Drilling Company, a partnership, and the parties comprising the same, individually, filed a cross-action for slander of title. This cross-action was dismissed on motion of the defendants and cross-plaintiffs. Defendants Carter-Jones Drilling Company, a partnership, and the parties comprising the same, individually, filed a motion for summary judgment as did The Federal Land Bank of Houston. Then, plaintiffs filed a motion for summary judgment and a hearing was had on all of said motions on July 6, 1955. Subsequent to the hearing all parties were permitted to file affidavits prior to the rendition of judgment on August 5, 1955. Prior to the hearing on the motion for summary judgment, plaintiffs filed a motion for continuance and numerous exceptions to the motions for summary judgment by the defendants. The record fails to show that the motion for continuance was urged at the time of the hearing and the plaintiffs agreed, in open court, that the court might

hear all the motions at the same time. The judgment of the court was that motions of Carter-Jones Drilling Company, a partnership, and J. R. Maxwell, H. C. Jones, C. C. Woodruff, W. T. Maxwell, Noel M. Stinchcomb, Bluford Stinchcomb, Mary Noel Lutes and Charles W. Lutes, individually; and The Federal Land Bank of Houston, be granted and that the plaintiffs Claude Bateman, Jr., R. D. Baskett, and J. R. Phillips take nothing as against the above-named defendants; and, that the motion of the plaintiffs Claude Bateman, Jr., R. D. Baskett and J. R. Phillips be denied. From this judgment the plaintiffs have appealed. The parties will be referred to as in the trial court.

Plaintiffs bring forward six points of error. Each point is challenged by defendants Carter-Jones Drilling Company, the partnership, and each individual defendant comprising said partnership. The Federal Land Bank of Houston tendered a brief for filing which was tendered entirely too late to comply with the rules. It is seriously doubtful if sufficient grounds to show good cause is stated in the motion to file the delayed brief, but we have concluded that the interest of justice requires that we permit the same to be filed in order to expedite this litigation. Therefore, the motion to permit the late filing of said brief is granted.

■ At the very outset we are confronted with a counter-point of defendants Carter-Jones Drilling Company, the partnership, and the parties individually who comprise the same, to the effect that this court is without jurisdiction in this cause, because all the defendants in the case were not disposed of by the summary judgment and the summary judgment therefore became an interlocutory judgment from which no appeal can be taken. They rely upon the cases of Dunn v. Tillman, Tex.Civ.App., 271 S.W.2d 702, no writ history; Maxfield v. Dunagan, Tex.Civ.App., 254 S.W.2d 150, no writ history; C & L Supply Co. v. Kennerly, Tex.Civ.App., 258 S.W.2d 102, no writ history. If it were not for the fact that it was admitted in this court by all parties that the interests of the other de-

fendants were not affected by the summary judgment and will not be affected by a judgment of this Court on same, we would have no alternative but to dismiss the appeal. But we have concluded from the facts in the case, together with the admissions, as well as the holding of the Court of Civil Appeals at Waco in the case of Texas Life Ins. Co. v. Miller, 114 S.W.2d 600, no writ history, that the rights of the other defendants, not being affected by a judgment on the motions for summary judgment, we have jurisdiction of the case and can proceed to dispose of the same. To further clarify the matter, the other defendants do not own any interest in any of the minerals, and the owners of the minerals would have the same rights of ingress and egress as to the other defendants, regardless of who they may be. The point is overruled.

Plaintiffs, by their 5th and 6th points, complain of the action of the trial court in granting the motions for summary judgment of the defendants, because of the many alleged irregularities in appointing a substitute trustee, issuing the notices of sale, the posting and return of the notices of sale, and in making the sale at Henderson in Rusk County, Texas, where the land involved in this suit was not situated. It is the further contention of the plaintiffs that the sale is absolutely void, because the land involved in this suit is situated wholly in Gregg County, Texas, and is not contiguous to either of the other four tracts situated in Rusk County, Texas. We have concluded that this is the only serious question, if such is a serious question, involved in this lawsuit.

As to the irregularities of the appointment of an attorney-in-fact and all other matters except the sale of the land being held in Rusk County, we find the following very compelling provisions contained within the deed of trust:

"* * * And the said Trustee, or any substitute or successor Trustee, is hereby authorized and empowered to appoint an attorney-in-fact to act as Trustee under him and in his name, place and stead, such appointment to be

evidenced by an instrument signed and acknowledged by said trustee, substitute or successor; and all acts done by said attorney-in-fact, shall be as valid, lawful and binding as if done by said Trustee, substitute or successor, in person.

"It is stipulated and agreed that in case of any sale hereunder all prerequisites to said sale shall be presumed to have been performed; and that in any conveyance given hereunder, all statements of facts or other recitals therein made as to the non-payment of the money secured, or as to the request of the Trustee to enforce this trust, or as to the proper and due appointment of any substitute Trustee, or as to the advertisement of sale, or time, place and terms of sale, or as to any other preliminary act or thing, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true." * * *

■ We think that the foregoing provision of the deed of trust eliminates any complaint of any of the irregularities alleged, and that the mortgagors and all parties claiming any interest in the land acquired from mortgagors while the lien was in effect are bound thereby.

■ Plaintiffs contend that the sale of the land in Rusk County is void by virtue of the provisions of Article 3759, R.C.S. of Texas, as amended in 1915, now Article 3810. The pertinent part of Article 3759, R.C.S. as enacted in 1915, is as follows:

"All sales of real estate made in this state under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated, unless such real estate be situated in more than one county, in which event notices as herein provided shall be given in both or all of such counties, providing and giving notice that such sale will be made of such real estate in that one of said counties in which the greater portion of the real estate may be situated; if equal quantities of said land

to be sold lie in different counties, said notice shall designate in which of said counties the sale is to be made. * * "

It will be noted that the statute provided that "unless such real estate be situated in more than one county, in which event notices as herein provided shall be given in both or all of such counties, providing and giving notice that such sale will be made of such real estate in that one of said counties in which the greater portion of the real estate may be situated; * * *." It is the contention of plaintiffs that such statute provides for the sale of lands in a different county from that in which it is situated only in case the land is contiguous to the tract or tracts of land in the county in which the sale is held. Some states have so construed a similar statute. In view of the broad language used in our statute, we do not believe that to be a proper construction. Surely the Legislature, when they made the provision for the sale of land where the greater portion thereof is situated and if in equal quantities the notice shall designate in which of said counties the sale is to be made, did not anticipate that land could be situated in a half-dozen or more counties and likely to be contiguous, one tract to the other, making a complete chain back to the county in which the sale was to be held. Plaintiffs rely upon the case of Wylie v. Hayes, 263 S.W. 563, in an opinion by the Commission of Appeals, approved by the Supreme Court, wherein the Supreme Court held the sale of a single tract of land to be void where the sale was held in a different county from that in which the land was situated. There being only one tract of land involved in that case, the opinion has no application here. We find in the case of Lewis v. Dainwood, Tex. Civ.App., 130 S.W.2d 456, 457, error refused, where the Court of Civil Appeals at San Antonio, and the Supreme Court by its outright refusal of a writ of error, not only approved, but laid the predicate for our conclusion in this case. We think the following quotation in that decision is in point here:

"Appellants contend that the appellees do not have a regular chain of

title because the sale made by a trustee was allegedly void. The appellants were in no way a party to this trustee's sale and are not in a position to make the objections they urge. They contend that the note was not properly declared due, the substitute trustee was not properly appointed, and that the land was sold in Nueces County, while the land was located in Jim Wells County.

\*    \*    \*    \*    \*    \*

"Part of the land described in the deed of trust was located in Nueces County and part of it in Jim Wells County. The land was properly posted for sale in each county, but the sale was had in Nueces County. This was proper. Article 3810, R.C.S.1925, provides, among other things, as follows: 'Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county.' "

We will add that the record shows in this case that notices were posted in both counties and the sale appears to have been regularly held in conformity with the provisions stipulated in the deed of trust. Points 5 and 6 are overruled.

Plaintiffs' other four points are without merit and they are respectfully overruled. We might point out that some of the complaints made are to the effect that the ½ mineral interest conveyed to J. R. Phillips was completely severed from the surface upon the execution of the mineral deed by Reed to Phillips. This is in substance the holding of the Court of Civil Appeals in Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, writ ref., n. r. e. But the sale of the land in that case was absolutely void and the severance prevailed because there was a lack of valid sale that would have reunited the mineral interest. It would be a strange rule of law indeed to hold that a mortgagor could sell a part of the corpus he had pledged to a mortgagee, and place an extra or undue burden upon the mortgagee to recover his property pledged to secure the debt. We have found no decision that so holds and have been cited to none.

█ The plaintiffs also contend that Phillips had no notice of the deed of trust lien at the time he bought the minerals. This contention is wholly unsupported by the facts and the law in this case. The mere fact that Phillips lived in Houston did not excuse him from the duty imposed upon him to ascertain what title, if any, he was getting at the time he bought the minerals. Under his own admissions, he did absolutely nothing from the time he acquired the mineral deed in January 1931, until about May 1955, to determine whether or not he had a good and merchantable title to the minerals he had purchased.

█ The appellant Phillips unquestionably had constructive notice of the existence of the deed of trust lien at the time he acquired the mineral interest. Article 6646, R.C.S.; Henningmeyer v. First State Bank of Conroe, Tex.Civ.App., 192 S.W. 286; 90 C.J.S., Trusts, § 444, Sub-sections b, c, and d, p. 856. We think the case of Yett v. Houston Farms Development Co., Tex.Civ.App., 41 S.W.2d 305, error ref., is analogous to the point here, and also is authority for our holding that, if the mineral interest claimed by Phillips was severed, it was merged back with the other minerals and surface upon the foreclosure of the deed of trust lien.

█ We think the sale of the land by the attorney-in-fact reunited the mineral interest claimed by Phillips with the surface and that The Federal Land Bank of Houston was under no duty whatever to give him any notice of the sale, or to accept his tender of redemption at such a late date. Yett v. Houston Farms Development Co., supra; Barr v. Wall, Tex.Civ.App., 265 S.W.2d 208, writ ref., n. r. e.; Tom v. Kenedy Nat. Farm Loan Ass'n, Tex.Civ. App., 123 S.W.2d 416, 418, no writ history.

Finding no error in the record, the judgment of the trial court is affirmed.