[No. 4961–2–III.   Division Three.   July 5, 1983.]

LEONARD MAGART, ET AL, *Appellants,* v. GENE
FIERCE, ET AL, *Respondents.*

*Robert E. Anderson,* for appellants.

*Martin G. Weber* and *Lukins & Annis,* for respondents.

ROE, C.J.—Plaintiffs Leonard and Elsie Magart (Magart) appeal a judgment quieting title to a strip of lakeshore property in defendants Gene and Bernice Fierce (Fierce).

In 1945 Magart purchased substantial acreage in the Marshall Lake area, and in 1955 subdivided a portion of the property into 40 lots. The subdivision was surveyed for platting purposes and the individual lots were staked. On June 16, 1969, Magart conveyed one of the lots to Fierce by warranty deed which described the property as follows:

> Lot 21 of MAGART'S LAKEHILL ADDITION to Pend Oreille County, Washington, *according to the recorded plat* thereof.
> SUBJECT TO: Reservations and covenants in the recorded plat and dedication thereof.

(Italics ours.) According to Magart, he intended to retain a

strip of the land between the shoreline and the lots. The plat (mentioned in the deed) indicates a straight boundary line separating shorelands from the lots.

However, prior to the conveyance in question, Mrs. Magart advised Fierce that each lot had 100 feet of lake frontage and no mention was made of the strip that Magart intended to retain. Shortly after purchasing the lot, Fierce built a cabin. In 1972, he commenced construction of a retaining wall, steps and other structures on the lakefront. On July 20, 1979, Magart's attorney notified Fierce that certain of these structures were situated on land owned by Magart. On August 30, 1979, Magart filed suit against Fierce claiming title to the strip of land located between Fierce's lot and the lake.

The trial court entered the following pertinent findings of fact:

## IV.

Plaintiffs, Leonard Magart and Elsie Magart, in February, 1969, both in writing and orally advised potential purchasers, including defendants herein, that they had available for sale five remaining lots in Magart's Lake Hill Addition and that these lots had 100 feet of lake frontage (Exhibit 4).[1]

## V.

Defendants, Gene E. Fierce and Bernice Fierce, entered into negotiations with the plaintiffs, Leonard Magart and Elsie Magart, for the acquisition of Lot 21 of Magart's Lake Hill Addition to Pend Oreille County, Washington. It was represented to purchasers, Gene E. Fierce and Bernice Fierce, that Lot 21 which they were to acquire had 100 feet of lake frontage and, based upon that representation, they purchased the lot from the plaintiffs pursuant to a Warranty Deed recorded June 30,

---

[1]Exhibit 4, a letter, provided in pertinent part:

"Dear Mr. Gecan,

"Thank you for the inquiry about lots on Marshall Lake.

"I am not sure what you mean by large lots. We have 5 lots left in a platted area which means that there will be a road behind the lots and power available. The lots are steep but out on a point for a good view of the lake. They have *100 ft. of lake frontage* and are about 50–55 ft. wide on the rear, 160 to 190 ft. deep, two are $900.00 and three are $950.00." (Italics ours.)

1969, under Pend Oreille County Auditor's File No. 128851 (Exhibit 5). The Statutory Warranty Deed conveyed lands described as:

> Lot 21 of Magart's Lake Hill Addition to Pend Oreille County, Washington, according to the recorded plat thereof.
>
> SUBJECT TO: Reservations and covenants in the recorded plat and dedication thereof.

> There were no reservations in the Statutory Warranty Deed by the grantors, Leonard B. Magart and Elsie E. Magart, of any lands lying immediately in front of or adjacent to said Lot 21 being conveyed to defendants, Gene E. Fierce and Bernice Fierce, husband and wife.

The court further found that improvements on the disputed strip were constructed by Fierce without specific objection from Magart. Based on these and other findings, the court held Magart was equitably estopped from denying title in Fierce to the disputed property and therefore quieted title in favor of him. We believe the foregoing findings of fact are amply supported by the evidence. However, we hold Magart lacks standing to bring this quiet title action and therefore it must be dismissed.

RCW 7.28.010 sets forth the requirement regarding who may maintain an action to quiet title: "Any person having a *valid subsisting interest* in real property, *and a right to the possession thereof . . .*" (Italics ours.) CR 17(a) provides in part: "Every action shall be prosecuted in the name of the real party in interest." If Magart's claim of ownership fails, he lacks standing to attack Fierce's claim, as the plaintiff in an action to quiet title must succeed on the strength of his own title and not on the weakness of his adversary. *Rohrbach v. Sanstrom,* 172 Wash. 405, 406, 20 P.2d 28 (1933); *Turner v. Rowland,* 2 Wn. App. 566, 573, 468 P.2d 702 (1970); *see also Shelton Logging Co. v. Gosser,* 26 Wash. 126, 66 P. 151 (1901). Under the above cited authority, Magart has the burden of proving ownership of the land in question and standing as a real party in interest.

The evidence here established that prior to the com-

mencement of this action, Magart sold government lot 5 to a Mr. McCallum and lot 21 is situated within said government lot 5. The trial court found that Magart did not reserve any portion of government lot 5 to himself. This is supported by Magart's testimony. Since the disputed strip would be within the property sold to McCallum, Magart has no standing to bring this action as he is not the owner and real party in interest.

Unfortunately, the record does not reveal whether the Magart–McCallum sale was a cash sale or on a contract. The only evidence of the sale in the record is a 1 percent real estate excise tax affidavit showing the date of sale and legal description of the property. Exhibit 12. It is possible Magart may have a reversionary interest to protect in the event of forfeiture, and this might grant standing. However, we need not decide that issue at this time since McCallum was not made a party to this action and is presumably an indispensable party to a quiet title action involving property of which he is purchaser and owner.

Accordingly, we hold this action to quiet title must be dismissed for failure to join an indispensable party.

Although we need not reach the equitable estoppel issue, we take this opportunity to provide guidance for the trial court in the event further proceedings are initiated. Assuming arguendo Magart has standing in some form to participate in the instant action, we must agree with the trial court that equitable estoppel bars Magart from denying title in Fierce.

■ There are three elements necessary to establish an equitable estoppel, particularly as they are applied to the alteration of record titles to land: (1) an admission, statement or act inconsistent with the claims thereafter asserted; (2) action by the other party on the face of such admission, statement or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act. *Arnold v. Melani*, 75 Wn.2d 143, 147, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968). Additionally, the party claiming estoppel

must have a right to rely upon such acts or representations. *Leonard v. Washington Employers, Inc.,* 77 Wn.2d 271, 280, 461 P.2d 538 (1969), and must have been misled by the representation made. *Den Adel v. Blattman,* 57 Wn.2d 337, 340, 357 P.2d 159 (1960); *Burkey v. Baker,* 6 Wn. App. 243, 248, 492 P.2d 563 (1971).

Here, there is ample proof of each of the requisite elements. Fierce's testimony and exhibit 4, the letter from Elsie Magart to a prospective purchaser, established that Magart represented orally and in writing that the property in question had "lake frontage". Fierce testified his object was to buy a lakefront lot; that Magart did not indicate he intended to retain ownership of the waterfront; and that he would not have purchased the lot had he known it did not have lake frontage. Based on the justifiable belief that he owned the lake frontage, Fierce constructed a cabin, steps, retaining wall and dock area. Furthermore, it was Magart's testimony that Fierce should have access to the lake and be able to get to the water and use it for recreational purposes. However, given the steep terrain (approximately a 12-foot drop), this would be nearly impossible without constructing steps. We hold there is sufficient evidence to support the elements of equitable estoppel and the trial court correctly applied the doctrine.

Finally, Fierce in his brief requested attorney's fees. However, since he has not provided us any applicable law granting the right to recover attorney's fees in this type of action, the request is denied.

Magart's action is dismissed.

GREEN and McINTURFF, JJ., concur.