[No. 13907-0-I. Division One. September 14, 1987.]

QUEEN CITY SAVINGS & LOAN ASSOCIATION, *Respondent,* v. GUENTER MANNHALT, ET AL, *Appellants.*

*Steven H. Chestnut, James Varnell,* and *Ziontz, Pirtle, Morisset, Ernstoff & Chestnut,* for appellants.

*Andrew Curtis, Jr.,* and *Abbott, Curtis, Galvin & Doyle, Inc., P.S.,* for respondent.

WEBSTER, J.—Queen City Savings and Loan Association brought a quiet title action against Guenter Mannhalt to determine the ownership of property located in Whatcom County. Mannhalt appeals from the summary judgment entered in favor of Queen City. We reverse and remand.

## FACTS

Theodore Brown, his wife Judy Brown, and others conveyed an undivided 15 percent interest in property located in Whatcom County to Guenter Mannhalt in July 1981. Mannhalt did not record the deed at that time.

In August 1981, the Browns executed a deed of trust conveying the Whatcom County property to secure a $215,000 loan from Queen City. The deed named Queen City as beneficiary and Pioneer National Title Insurance Company as trustee. Dale Galvin, one of Queen City's attorneys, later replaced Pioneer National as trustee.

The deed of trust conveyed not only the subject Whatcom County property, but also conveyed a piece of property located in Snohomish County. The deed reads, in part, as follows:

Grantor hereby irrevocably grants, bargains, sells and conveys to Trustee in trust, with power of sale, the following described property in Whatcom County, Washington:

See legal description attached and which by this reference herein is made a part hereof. (Schedule A).

The Attached Schedule "B" indicates one property given *as additiona[l] security only,* which is by this reference made a part hereof.

(Italics ours.) Schedule A is a legal description of the Whatcom County property. Schedule B contains a legal description of the Snohomish County property preceded by the following clause:

The property described as follows is given *as additional security only* for The Deed of Trust dated August 28th, 1981 between Theodore F. Brown and Judy Dian [*sic*] Brown, Husband and Wife.

(Italics ours.)

The Browns defaulted on repayment of the loan in mid–1982. The trustee consequently commenced nonjudicial foreclosure proceedings. A trustee's sale of both the Whatcom and Snohomish County properties was set for January 14, 1983, in Snohomish County. The trustee's agent later continued the sale until February 18, 1983.

Prior to February, 1983, Mannhalt did not have a recorded interest in the Whatcom County property. However, he did have a recorded interest in the Snohomish County property. He was therefore sent notice of the pending sale. Mannhalt recorded his interest in the Whatcom County property on the day before the sale, February 17.

The Whatcom and Snohomish County properties were sold as a unit at the February 18 Snohomish County sale. Queen City was the sole bidder and purchased the properties with a single bid of $301,487.51—the amount of the outstanding loan and foreclosing costs. The trustee's deed

recites that the conveyance was "made pursuant to the powers, including the power of sale, conferred upon said Trustee".

In June 1983, Queen City commenced this quiet title action against Mannhalt. In defense, Mannhalt alleged that Queen City failed to comply with the requirements of the deed of trust act (RCW 61.24) and the deed of trust. Specifically, he contended (1) that the Snohomish and Whatcom County properties were improperly sold as a unit, (2) that the sale was improperly conducted in Snohomish County, and (3) that he received improper notice of the sale. In summary judgment, the court declared Queen City's title to be superior to Mannhalt's.

## STANDARD OF REVIEW

In this case, the trial court quieted title by summary judgment. The facts are not in dispute; thus, we must determine whether Queen City was entitled to summary judgment as a matter of law. *See Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

## ADDITIONAL SECURITY ONLY

Mannhalt contends that the trustee improperly sold the Whatcom County property in Snohomish County. His argument is premised on his interpretation of the phrase "as additional security only" as it is used in the Browns' deed of trust. He interprets the phrase to create only a conditional power to sell the Snohomish County property. The power of sale becomes operative, he argues, only after the sale of the Whatcom County property, and then only if the proceeds of that sale are insufficient to satisfy the underlying obligation. Consequently, Mannhalt concludes that the Whatcom County property should have been sold first, and that under RCW 61.24.040(5), which outlines the venue of nonjudicial foreclosure sales, it could only be sold in Whatcom County.

Queen City, on the other hand, argues that the parties to the deed of trust did not intend to create separate classes of securities. In essence, it asks this court to attach no signifi-

cant to the phrase "as additional security only."

Generally, where a mortgage or deed of trust conveys different parcels of property, the trustee may determine the order in which to dispose of them:

> [W]here a mortgage conveys different parcels of the same kind, or different classes of property, the mortgagee may, *in the absence of a stipulation to the contrary,* elect for his own benefit the particular property to which he will resort in the first instance . . .

(Footnote omitted. Italics ours.) 55 Am. Jur. 2d *Mortgages* § 728 (1971). The issue before us is whether the phrase "as additional security only", as it is used in the Browns' deed of trust, acts as a limitation on the order in which the trustee may dispose of trust properties. The deed of trust is silent in this regard; hence, rules of contractual construction come into play.

Those rules favor Mannhalt's interpretation of the phrase as a stipulation limiting the trustee's power. First, in construing a written instrument the court should, if possible, give each part thereof some effect. *Bremer v. Mount Vernon Sch. Dist. 320,* 34 Wn. App. 192, 198, 660 P.2d 274 (1983). Queen City's interpretation renders the language superfluous.

Second, contractual language subject to interpretation is construed most strongly against the party who drafted it. *Rouse v. Glascam Builders, Inc.,* 101 Wn.2d 127, 135, 677 P.2d 125 (1984); *Guy Stickney, Inc. v. Underwood,* 67 Wn.2d 824, 827, 410 P.2d 7 (1966). The Browns' deed of trust was drafted by Queen City and should, therefore, be construed in Mannhalt's favor.

Finally, because power–of–sale foreclosures are undertaken without judicial scrutiny, both deed of trust statutes and deeds of trust should be construed in favor of borrowers:

> A mortgage generally may be foreclosed only by filing a civil action while, under a Deed of Trust, the trustee holds a power of sale permitting him to sell the property out of court with no necessity of judicial action. The

Deed of Trust statutes thus strip borrowers of many of the protections available under a mortgage. Therefore, lenders must strictly comply with the Deed of Trust statutes, and the statutes and Deeds of Trust must be strictly construed in favor of the borrower.

*Patton v. First Fed. Sav. & Loan Ass'n,* 118 Ariz. 473, 477, 578 P.2d 152 (1978).

Therefore, we accept Mannhalt's explanation for the phrase, that the power to sell the Snohomish County property was conditional and could not become operative until the Whatcom County property was sold.

The trustee's authority to sell property under deed of trust power of sale provisions is defined by the limitations imposed on that authority by the parties. The trustee must strictly comply with such limitations:

> The power of sale in a deed of trust is an important power. It is a method provided for the transferring of one man's property to another. The maker of the instrument has the right to impose upon its exercise such conditions as he deems necessary, and such limitations as he does impose must be strictly followed.

*Michael v. Crawford,* 108 Tex. 352, 354, 193 S.W. 1070 (1917). In this case, the contemporaneous sale of both properties does not constitute strict compliance with the deed's power of sale provisions. The trustee, therefore, did not have the authority to dispose of both the Whatcom and Snohomish County properties as a single unit.

### PLACE OF SALE

Furthermore, the trustee's sale of the Whatcom County property should not have been held in Snohomish County. A foreclosure sale must be conducted in the proper county. RCW 61.24.040(5) provides, in part, as follows:

> The place of sale shall be at any designated public place within the county where the property is located and if the property is in more than one county, the sale may be in any of the counties where the property is located.

The statute clearly encompasses the sale in one county of property that "straddles" a county line. Less clear is

whether noncontiguous properties from separate counties may be sold in only one of the counties. Resolution of the issue depends on whether "the property" in RCW 61.24-.040(5) means, in effect, "the property *or properties.*"

The deed of trust act does not define "property." We therefore construe the term in that manner which would fulfill the act's objectives. *See Retail Store Employees, Local 1001 v. Washington Surveying & Rating Bur.,* 87 Wn.2d 887, 558 P.2d 215 (1976). The act has three basic objectives:

> First, the nonjudicial foreclosure process should remain efficient and inexpensive. *Peoples Nat'l Bank v. Ostrander,* 6 Wn. App. 28, 491 P.2d 1058 (1971). Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles.

*Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985). *See* Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington,* 59 Wash. L. Rev. 323 (1984).

Allowing the trustee to sell properties from various counties in a single county would promote the efficiencies of the process. However, holding the sale in the county in which a piece of property is located would provide greater opportunity for interested parties to prevent wrongful foreclosure. Moreover, selling property in the county in which it is located is likely to produce a greater number of bidders because those persons most likely interested in purchasing it would be inhabitants of that county. Both of these factors would reduce grounds for collateral attacks on the sale and thereby promote the stability of titles produced through nonjudicial sales.

Finally, the nonjudicial nature of trustees' sales indicates that, to the extent the deed of trust act allows such sales, it should be strictly construed: "[S]tatutes allowing foreclosure under a power of sale contained within the trust deed or mortgage are strictly construed against the exercise of such power." 3A C. Sands, *Statutory Construction* § 69.04

(4th ed. 1984). *See Patton v. First Fed. Sav. & Loan Ass'n, supra; see also* 1 V. Towne, Wash. Prac. § 605 (2d ed. 1976) ("These foreclosure proceedings must conform exactly to the statute. They are 'non–judicial.'").[1]

Considering the act's objectives, and construing it in favor of borrowers, we hold that it does not allow for the sale of property outside the county in which it is located except in those situations where contiguous parcels straddle a county line. *See* G. Nelson & D. Whitman, *Real Estate Finance Law* § 7.21, at 542 (2d ed. 1985) ("[W]here a deed of trust [covers] noncontiguous parcels of land in two counties, a trustee's sale in one county of both parcels [is] probably void as to the parcel in the other county."). The Whatcom County property, therefore, was improperly sold in Snohomish County.

### HARMLESS ERROR

Queen City argues that, even if the sale of the Whatcom County property in Snohomish County was improper, summary judgment was nonetheless appropriate. It reasons that any defects in the place of sale are harmless error as to Mannhalt because he was not entitled to additional notice of the sale of the Whatcom County property. *See* RCW 61.24.040(1).

 To prevail in a quiet title action, one must show a valid and subsisting interest in real property. RCW 7.28-.010. In other words, he must succeed on the strength of his own title rather than upon the weakness of his adversary's. *Magart v. Fierce,* 35 Wn. App. 264, 266, 666 P.2d 386 (1983); *Turner v. Rowland,* 2 Wn. App. 566, 573, 468 P.2d 702 (1970), *overruled on other grounds in Chaplin v. Sanders,* 100 Wn.2d 853, 676 P.2d 431 (1984). The premise of

---

[1]In support of its interpretation of the deed of trust act provisions here in question, the dissent relies on *Empire State Sur. Co. v. Ballou,* 66 Wash. 76, 118 P. 923 (1911). That reliance is misplaced; *Empire State* dealt with the venue of judicial foreclosure actions in which borrowers receive the benefit of *contemporaneous judicial scrutiny. See Kennebec, Inc. v. Bank of the West,* 88 Wn.2d 718, 724–25, 565 P.2d 812 (1977) (detailing the history of public policy concerning nonjudicial foreclosures in Washington).

this harmless error issue is that the property was sold in the wrong county, and consequently that it was sold in contravention of the deed of trust act. While Mannhalt has suffered no discernible prejudice, allowing summary judgment on this issue contradicts the proposition that "foreclosure proceedings must conform exactly to the statute." V. Towne, *supra* at 271. The continued stability of titles derived from nonjudicial foreclosure sales is dependent on the utmost compliance with both the act and deeds of trust. Therefore, Queen City's harmless error argument is without merit.

Summary judgment in favor of Queen City is reversed and the cause remanded for entry of summary judgment in favor of Guenter Mannhalt.

PEKELIS, J., concurs.

WILLIAMS, J. (dissenting)—I dissent from the majority's interpretation of RCW 61.24.040(5). When a single obligation is secured by separate parcels of land in two or more counties, a deed of trust foreclosure sale may be held in any one of the counties containing a parcel. RCW 61.24.040(5) should not be limited to situations in which the security is a single parcel overlapping county lines.

A broader interpretation of the statute is entirely consistent with the objectives of the deed of trust act. *See Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985). Allowing one sale in a single county, as the majority noted, keeps the nonjudicial foreclosure process efficient and inexpensive. Moreover, it provides an adequate opportunity for interested parties to prevent wrongful foreclosure; notice requirements remain unchanged, and a unified proceeding reduces the inconvenience to challengers. In addition, conducting one sale promotes the stability of land titles by resolving all ownership questions at one time, rather than increasing uncertainty by fragmenting the process.

An earlier Washington statute which provided that a mortgagee "may proceed in the superior court of the county

where the land or some part thereof lies" was interpreted to allow an action to foreclose a mortgage covering two properties in separate counties to be brought in either county. *Empire State Sur. Co. v. Ballou,* 66 Wash. 76, 80, 118 P. 923 (1911). Other jurisdictions have also interpreted statutes similar to RCW 61.24.040(5) to allow unified sales. *See Federal Land Bank of Baltimore, Inc. v. Esham,* 43 Md. App. 446, 406 A.2d 928 (1979); *Bateman v. Carter–Jones Drilling Co.,* 290 S.W.2d 366 (Tex. Civ. App. 1956). *See also* 55 Am. Jur. 2d *Mortgages* § 560 (1971).

There is no logical reason to distinguish between judicial and nonjudicial foreclosures as they relate to place of sale rules. Multiple sales render the process expensive, inefficient and time consuming no matter who is conducting them. "Contemporaneous judicial scrutiny" would not provide any "greater opportunity for interested parties to prevent wrongful foreclosure", nor would it necessarily "produce a greater number of bidders". See majority, at 296. In fact, the notice provisions for nonjudicial foreclosures are more thorough than those for judicial foreclosures. *Compare* RCW 61.24.040–.045 *with* former RCW 6.24.010–.015. The nonjudicial foreclosure procedure affords the grantor full opportunity to cure the default, RCW 61.24.090, or restrain the sale and contest the default, RCW 61.24.130. The judicial process accomplishes little more.

Given a broad reading of RCW 61.24.040(5), I also dissent from the majority's conclusion that summary judgment should be entered in Mannhalt's favor. I agree with the majority's interpretation of the phrase "additional security only"; the Whatcom County property should have been sold before bidding began on the Snohomish County land. But because notice was adequate and the place of sale proper, requiring a particular sequence of offering when Queen City was the only bidder present would have been a useless act. Queen City had a valid and subsisting interest in the Whatcom County property as a result of the deed of

trust sale, and I would affirm the summary judgment in its favor.

Review granted by Supreme Court January 5, 1988.