[No. 54486–7. En Banc. September 1, 1988.]

QUEEN CITY SAVINGS & LOAN ASSOCIATION, *Petitioner,* v. GUENTER MANNHALT, ET AL, *Respondents.*

504

*Foster, Pepper & Riviera* and *Jonathan B. Noll,* for petitioner.

*Ziontz, Chestnut, Varnell, Berley & Slonim,* by *James L. Varnell,* for respondents.

*John A. Gose,* amicus curiae for petitioner.

ANDERSEN, J.—

## FACTS OF CASE

This is a quiet title action involving the nonjudicial fore-closure of a deed of trust covering real property located in two counties, one parcel of which was designated in the deed of trust as "additional security only".

The material facts are undisputed.

In July 1981, Theodore and Judy Brown and others con-veyed an undivided 15 percent interest in a parcel of real property located in Whatcom County to Guenter Mannhalt, who will hereinafter be referred to as "the grantee". The deed was not recorded for some time. In August 1981, Queen City Savings and Loan Association loaned $215,000 to the Browns. As security for the loan, the Browns exe-cuted a deed of trust pursuant to the Washington Deeds of Trust Act (RCW 61.24) whereby they conveyed title to the Whatcom County property and also to a parcel of real property located in Snohomish County. The deed of trust named Queen City as beneficiary. Hereafter, Queen City will be referred to as "the beneficiary". At two places in the deed of trust, it was declared that the parcel of Snohomish

County property was conveyed "as additional security only".

When the Browns defaulted on repayment of the loan in mid–1982, the trustee commenced nonjudicial foreclosure proceedings. A trustee's sale was set for January 14, 1983 in Snohomish County, then continued by the trustee until February 18, 1983. The trustee sent notice of the foreclosure sale to the grantee Mannhalt because he had a recorded interest in the *Snohomish* County property. His interest in the *Whatcom* County property remained unrecorded, however, until February 17, 1983, the day before the foreclosure sale.

At the foreclosure sale held in Snohomish County, both the Whatcom and Snohomish County properties were sold together. The beneficiary, Queen City, was the sole bidder and purchased both properties for $301,487.51, the amount of the outstanding loan plus foreclosure costs. The trustee's deed recites that the conveyance was "made pursuant to the powers, including the power of sale, conferred upon said Trustee".

Later that same year, the beneficiary brought this action against the grantee to quiet title to the *Whatcom* County property. Both parties moved for summary judgment; the trial court granted the beneficiary's motion and denied the grantee's motion. The grantee appealed to the Court of Appeals, which reversed.[1] The Court of Appeals held that the sale of the Whatcom County property in Snohomish County was improper under a provision of the Deeds of Trust Act, RCW 61.24.040(5), which it interpreted as forbidding the sale of property outside the county in which it is located except in situations where contiguous parcels straddle a county line.[2] The parcels of property covered by the deed of trust here are not contiguous. We accepted

---

[1]*Queen City Sav. & Loan Ass'n v. Mannhalt,* 49 Wn. App. 290, 298, 742 P.2d 754 (1987).

[2]*Queen City,* at 297.

the beneficiary's petition for review. One principal issue appears.[3]

## ISSUE

Under the place of sale clause of the Deeds of Trust Act (RCW 61.24.040(5)), did the trustee err when it sold both the Whatcom and Snohomish County properties, which secured the deed of trust, at a Snohomish County nonjudicial foreclosure sale?

## DECISION

CONCLUSION. The place of sale section of the Deeds of Trust Act (RCW 61.24.040(5)) allows the nonjudicial foreclosure sale of parcels of property located in different counties, but covered by the same deed of trust, to be held in any county where property securing the deed of trust is located. Nothing in that section indicates that it is intended to apply only to property that straddles the county lines. Thus, the trustee properly sold both the Whatcom and Snohomish County properties, which secured a single deed of trust, at the nonjudicial foreclosure sale in Snohomish County.

The statute, RCW 61.24.040(5), provides in pertinent part:

> The place of sale shall be at any designated public place within the county where the property is located and *if the property is in more than one county, the sale may be in any of the counties where the property is located.*

(Italics ours.)

██ To our reading, the clear intent of this statute is that where a single obligation is secured by separate parcels of land in two or more counties, a nonjudicial foreclosure sale may be held in any of the counties wherein one of the parcels is located. The Court of Appeals majority opinion,

---

[3]The beneficiary's petition raises an additional issue: "Did the Court of Appeals commit error by ruling that a holder of an unrecorded interest in property was entitled to notice of a trustee's sale?" As the Court of Appeals made no such ruling, we do not consider the issue.

however, held that the statute "does not allow for the sale of property outside the county in which it is located except in those situations where contiguous parcels straddle a county line."[4] Thus, according to the Court of Appeals majority opinion, the sale of the Whatcom County property at a Snohomish County sale was not proper. In reaching this result, the majority nevertheless conceded that the statute did encompass the sale in one county of land that straddles a county line.[5] It found less clear the issue of whether the statute allowed a single sale in one county of noncontiguous parcels of property in separate counties.[6] Relying on the objectives of the Deeds of Trust Act, and a rule of strict construction favoring borrowers, it determined that the Whatcom County property should have been sold in Whatcom, not Snohomish County.[7]

It is the beneficiary's contention, however, that the language of the statute (RCW 61.24.040(5)) allows the nonjudicial foreclosure sale of noncontiguous property in different counties to be held in a single county and that the Court of Appeals majority erred in ruling to the contrary. We agree and reverse.

In discerning the intent of this statute, as with any statute, we look first to the language used by the Legislature.[8] The phrase "the property" in the statute (RCW 61.24-.040(5)) plainly and unambiguously refers in its context to the property securing the deed of trust. The statute goes on to declare that, "if the property is in more than one county, the sale may be in any of the counties where the property is

---

[4]*Queen City,* at 297.

[5]*Queen City,* at 295.

[6]*Queen City,* at 295–96.

[7]*Queen City,* at 296–97.

[8]*See State v. Neslund,* 103 Wn.2d 79, 82, 690 P.2d 1153 (1984).

located."[9] To us, this is clear on its face and permitted the sale in question.

 In general, a court may construe singular words in the plural and vice versa, unless such a construction would be repugnant to the context of the statute or inconsistent with the manifest intention of the Legislature.[10] Here, with reference to RCW 61.24.040(5), we hold that the "statute's reference to 'property' includes the plural form 'properties.'"[11] Such construction is not repugnant in the context of the statute or inconsistent with the intention of the Legislature as we glean it from the entire Deeds of Trust Act.

We enunciated the act's objectives in *Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985):[12]

First, the nonjudicial foreclosure process should remain efficient and inexpensive. Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles.

(Citation omitted.) The parties in this case as well as the majority of the Court of Appeals panel agree that allowing one sale of property located in two or more counties promotes efficiency in the nonjudicial foreclosure process. The parties (and the majority of the Court of Appeals panel) disagree, however, on the effect of allowing one sale on prevention of wrongful foreclosure and promotion of stable land titles. We find the comments of the Honorable Ward Williams in his dissenting opinion to be particularly persuasive:

---

[9]RCW 61.24.040(5) (part).

[10]73 Am. Jur. 2d *Statutes* § 220 (1974 & Supp. 1987); 2A C. Sands, *Statutory Construction* § 47.34 (4th ed. 1973 & Supp. 1987).

[11]*Grace Episcopal Church v. Madison*, 129 Wis. 2d 331, 337, 385 N.W.2d 200 (Ct. App. 1986).

[12]*See* Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington*, 59 Wash. L. Rev. 323, 330 (1984).

Allowing one sale in a single county, as the majority noted, keeps the nonjudicial foreclosure process efficient and inexpensive. Moreover, it provides an adequate opportunity for interested parties to prevent wrongful foreclosure; notice requirements remain unchanged, and a unified proceeding reduces the inconvenience to challengers. In addition, conducting one sale promotes the stability of land titles by resolving all ownership questions at one time, rather than increasing uncertainty by fragmenting the process.

*Queen City Sav. & Loan Ass'n v. Mannhalt,* 49 Wn. App. 290, 298, 742 P.2d 754 (1987) (Williams, J., dissenting).

Another consideration is that not allowing one sale of property in two counties could create unnecessary problems and complications for junior lienors. The junior lienors of property in county A could well want the property in county B sold first, while junior lienors of the property in county B could want the property in county A sold first.[13] Resultant conflicts among subordinate lienors could negatively affect the stability of land titles.

To our view, a consideration of the language of the place of sale statute (RCW 61.24.040(5)), together with the objectives of the Deeds of Trust Act as enunciated in *Cox,* on balance favors allowing the trustee to hold a single foreclosure sale for separate parcels of property covered by the same trust deed but located in more than one county. For nearly a century, this court has allowed such single sales under the very similar language of mortgage judicial foreclosure statutes,[14] an approach which also finds favor in other jurisdictions.[15] We conclude that the single sale in

---

[13]*See Commercial Nat'l Bank v. Johnson,* 16 Wash. 536, 544, 48 P. 267 (1897).

[14]*See Empire State Sur. Co. v. Ballou,* 66 Wash. 76, 118 P. 923 (1911); *Commercial Nat'l Bank v. Johnson, supra*; RCW 61.12.040.

[15]*See, e.g., Bateman v. Carter–Jones Drilling Co.,* 290 S.W.2d 366, 370–71 (Tex. Civ. App. 1956); *Federal Land Bank of Baltimore, Inc. v. Esham,* 43 Md. App. 446, 467–69, 406 A.2d 928 (1979).

Snohomish County of the Whatcom and Snohomish County properties by the trustee herein was proper.

■ The Court of Appeals also held that the phrase "as additional security only" in the deed of trust regarding the Snohomish County property required that the Whatcom County property be sold before any sale of the Snohomish County property, thus stripping the trustee of authority to sell both properties as a unit.[16] As to this, we also conclude, as did the dissenting judge of the Court of Appeals, that while the phrase "as additional security only" contained in the deed of trust does create a priority among the properties securing the obligation, "because notice was adequate and the place of sale proper, requiring a particular sequence of offering when [the beneficiary] was the only bidder present would have been a useless act."[17] The beneficiary's interest in the Whatcom County property was "valid and subsisting" as a result of the properly conducted deed of trust sale.[18] Therefore, title here should be quieted in Queen City as beneficiary of the deed of trust.

The Court of Appeals is reversed and the trial court's summary judgment in favor of the beneficiary, Queen City Savings and Loan Association, is affirmed.

The grantee Mannhalt's request for attorneys' fees is denied.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, CALLOW, and DURHAM, JJ., concur.

---

[16]*Queen City Sav. & Loan Ass'n v. Mannhalt,* 49 Wn. App. 290, 295, 742 P.2d 754 (1987).

[17]*Queen City,* at 299 (Williams, J., dissenting); *see also Koegel v. Prudential Mut. Sav. Bank,* 51 Wn. App. 108, 112–13, 752 P.2d 385 (1988) (technical, nonprejudicial errors by trustee conducting a nonjudicial foreclosure sale under RCW 61.24 do not void a sale); *Steward v. Good,* 51 Wn. App. 509, 514–15, 754 P.2d 150 (1988) (same).

[18]*See Queen City,* at 299 (Williams, J., dissenting).

DORE, J. (dissenting)—I dissent.

For the second time this term, the court rescues a lender from its own mistake, at the expense of the Deeds of Trust Act (hereinafter the Act) and the borrowers it was intended to protect. *See Donovick v. Seattle–First Nat'l Bank,* 111 Wn.2d 413, 423, 757 P.2d 1378 (1988) (Dore, J., dissenting). This deed of trust contains an ambiguity which, when construed against the lender, leaves the lender undersecured. The majority dispenses with both our rules of contract interpretation and the requirement that we strictly construe the Act in its attempt to avoid that ambiguity. The result is that, once again, we have opened new opportunities for abuse and evasion of the Act by lenders.

## THE DEED OF TRUST IS AMBIGUOUS

This deed of trust contains an ambiguity which should be construed against the drafter of the instrument, the lender. *Rouse v. Glascam Builders, Inc.,* 101 Wn.2d 127, 135, 677 P.2d 125 (1984); *Guy Stickney, Inc. v. Underwood,* 67 Wn.2d 824, 827, 410 P.2d 7 (1966). On the one hand, the term in the deed of trust stating that the Snohomish County property was conveyed "as additional security only" creates a priority among the properties securing the obligation. The Snohomish County property was to be foreclosed on only if the Whatcom County property proved to be inadequate security. This is clear even from the brief words of the deed of trust, since, if the Whatcom County property would fully compensate the lender for his loss, selling the Snohomish County property would violate the trustee's fiduciary duty not to sacrifice the borrower's interests unnecessarily. *Cox v. Helenius,* 103 Wn.2d 383, 389, 693 P.2d 683 (1985). Therefore, the "additional security" clause in this deed of trust required the trustee to sell the Whatcom County property first and to sell it separately. Only then was the trustee to sell the Snohomish County property.

However, the lender apparently failed to recognize that the trustee has no power under the Deeds of Trust Act to

proceed in this way. A second sale of the Snohomish County property under the same deed of trust is clearly prohibited by the Act.

As an integral part of the compromise of 1965 that led to the passage of the Deeds of Trust Act, lenders surrendered their right to a deficiency judgment in nonjudicial foreclosures of deeds of trust. *See Donovick,* at 418 (Dore, J., dissenting). RCW 61.24.100 provides:

> Foreclosure, as in this chapter provided, shall satisfy the obligation secured by the deed of trust foreclosed, regardless of the sale price or fair value, and no deficiency decree or other judgment shall thereafter be obtained on such obligation.

The deed of trust involved in this case conflicts with this statute, since the sale of the Snohomish County property after the sale of the Whatcom County property would amount to obtaining a deficiency judgment.

The antideficiency statute is as much a part of this contract as if it were written into it. While the parties might have intended their "additional security" clause to override the prohibition on deficiencies, such a departure from existing law must be unambiguously expressed.

> It is the general rule that parties are presumed to contract with reference to existing statutes, and a statute which affects the subject matter of a contract is incorporated into and becomes a part thereof. If the parties to a contract wish to provide for other legal principles to govern their contractual relationship, they must be expressly set forth in the contract. Absent a clear intent to the contrary disclosed by the contract, the general law will govern.

(Citations omitted.) *Wagner v. Wagner,* 95 Wn.2d 94, 98–99, 621 P.2d 1279 (1980). Since the parties did not explicitly set aside the antideficiency rule, that rule governs.

This makes the deed of trust ambiguous. According to the deed of trust, the sale of the Whatcom County property must occur prior to any action against the Snohomish County property. The sale of the Whatcom County property, however, would extinguish the obligation. A second

sale of the Snohomish County property would be void under the antideficiency statute. RCW 61.24.100.

We can either give the lender its "additional security" in Snohomish County or we can enforce the Act's antideficiency statute. We cannot do both.

Where a contract is ambiguous and parol evidence is not available to resolve the ambiguity, the ambiguity is construed against the drafter of the contract. *Rouse,* at 135. Therefore, by drafting the deed of trust to provide for "additional security" which the Act would not permit it to execute upon, the lender left itself undersecured. It is not the job of this court to rescue the lender, and even if it were, distorting the plain meaning of the Deeds of Trust Act is a dangerous way to go about it.

### THE DEEDS OF TRUST ACT SHOULD BE STRICTLY CONSTRUED

The majority gives effect to the term giving the lender "additional security" in the Snohomish County property. In doing so, it necessarily ignores the antideficiency statute, RCW 61.24.100. Having failed to construe the contract ambiguity properly and having refused to enforce the antideficiency statute, the majority is then forced to cope with the problem of where the two parcels ought to be sold. RCW 61.24.040(5) provides:

> The place of sale shall be at any designated public place within the county where the property is located and if the property is in more than one county, the sale may be in any of the counties where the property is located.

Had the majority analyzed the deed of trust properly, it would be apparent that there really is no issue at all under this statute. The sale should have taken place in Whatcom County because only the Whatcom County property ought to have been up for sale. Having erroneously permitted the lender to foreclose on the Snohomish County property, the majority only compounds its error by broadly construing the place of sale restriction.

This leads me to the second reason why the majority's analysis of the case is wrong. The Deeds of Trust Act should always be construed strictly in the borrower's favor. By failing to enforce the antideficiency statute and then unnecessarily expanding the Act's place of sale requirement, the majority clearly violates that rule.

Washington's Act is similar to others around the country, and the rule that deeds of trust should be strictly construed for the benefit of borrowers has been widely recognized. An authority on general statutory construction writes:

> Statutes allowing foreclosure under a power of sale contained within the trust deed or mortgage are strictly construed against the exercise of such power.

3A N. Singer, *Statutory Construction* § 69.04 (4th ed. 1986). The reason for this has been well stated by the Supreme Court of Arizona in construing its deed of trust statute.

> Compared to mortgage requirements, the Deed of Trust procedures authorized by statute make it far easier for lenders to forfeit the borrower's interest in the real estate securing a loan, and also abrogate the right of redemption after sale guaranteed under a mortgage foreclosure. A mortgage generally may be foreclosed only by filing a civil action while, under a Deed of Trust, the trustee holds a power of sale permitting him to sell the property out of court with no necessity of judicial . . . protections available under a mortgage. *Therefore, lenders must strictly comply with the Deed of Trust statutes, and the statutes and Deeds of Trust must be strictly construed in favor of the borrower.*

(Citation omitted. Italics mine.) *Patton v. First Federal Sav. & Loan Ass'n,* 118 Ariz. 473, 477, 578 P.2d 152 (1978). Washington's Act also deprives the borrower of rights of redemption, RCW 61.24.050, and deprives the borrower of the right to an upset price, compare RCW 61.12.060, and the right to homestead. *Felton v. Citizens Fed. Sav. & Loan Ass'n,* 101 Wn.2d 416, 679 P.2d 928 (1984). As the Arizona court recognized, these losses should not be compounded by liberal construction for the benefit of lenders.

Another reason behind the rule of strict construction has been succinctly stated by a commentator on the Washington statute.

> These foreclosure proceedings must conform exactly to the statute. They are "non–judicial."

1 V. Towne, Wash. Prac. § 605 (2d ed. 1976). Relatively unsophisticated borrowers used to be able to rely on the judiciary to prevent overreaching by lenders who make it their business to obtain every advantage from the foreclosure process. *See* RCW 61.12. Since the judiciary is not involved in deed of trust foreclosures under the Act, only the words of the Act itself stand between the borrower and the lender eager to foreclose. Unless we strictly construe the Act, that protection will quickly erode away to zero.

The majority's conclusion violates the rule of strict construction twice, first by permitting the lender to recover a deficiency in selling the Snohomish County property and second by permitting the sale of the Whatcom County property anywhere but Whatcom County. Since the rules of contract interpretation also dictate reading the deed of trust in the borrower's favor, the majority's result is clearly wrong. Given that the majority's reasoning is dictated by an apparent desire to save a lender from its own mistake, its result is intolerable.

CONCLUSION

If the Deeds of Trust Act would be served by the rule the majority adopts, there is no reason to expect that the Legislature would not be responsive to the combined efforts of borrowers and lenders to make such a change. We should not depart from our normal rule of strict construction of the Act. I would affirm the Court of Appeals.