# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53141-1-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| TODD RICHARD MARJAMA, JR., | |
| Appellant. | |

MAXA, J. – Todd Marjama appeals the trial court's order imposing an exceptional sentence for his first degree manslaughter conviction based on an aggravated domestic violence circumstance.

Marjama shot and killed his wife while she was holding their infant child. RCW 9.94A.535(3)(h)(ii)[1] allows a trial court to impose an exceptional sentence based on a jury finding that the "offense occurred within sight or sound of the victim's or the offender's minor children under the age of eighteen years." The jury made such a finding, and the trial court imposed an exceptional sentence.

Marjama claims that the term "children" in RCW 9.94A.535(3)(h)(ii) means that the aggravator applies only if two or more minor children witnessed or heard the offense. Based on

---

[1] RCW 9.94A.535 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current statute.

this claim, he argues that (1) the evidence was insufficient to prove the aggravating circumstance beyond a reasonable doubt and (2) the trial court gave an erroneous jury instruction defining the aggravating circumstance.

We conclude that the term "children" in RCW 9.94A.535(3)(h)(ii) includes a single minor child witnessing or hearing the offense. Therefore, we hold that (1) the evidence was sufficient to prove the aggravating circumstance, and (2) the trial court did not err in instructing the jury on all the essential elements of the aggravating circumstance. Accordingly, we affirm the trial court's imposition of Marjama's exceptional sentence.

FACTS

Marjama and Amanda Marjama were married with three children, but they were separated. While Marjama was visiting Amanda[2] at her home, the two got into a verbal altercation. Marjama was in the master bedroom, and Amanda and their infant daughter AKM were in the master bathroom with the door closed.

While they were fighting, Marjama took out a handgun and threatened to commit suicide. Eventually, Marjama calmed down and attempted to uncock his gun. While doing so, the gun accidentally discharged. The bullet went through his hand and then through the bathroom door, fatally striking Amanda in the head as she was holding their daughter.

The State charged Marjama with first degree murder and an aggravated domestic violence offense under RCW 9.94A.535(3)(h)(ii). Marjama asserted an accident defense.

The trial court gave a jury instruction on the elements of an aggravated domestic violence offense:

---

[2] We refer to Amanda Marjama by her first name to distinguish her from Marjama. No disrespect is intended.

2

> To find that this crime is an aggravated domestic violence offense, each of the following two elements must be proved beyond a reasonable doubt: (1) [t]hat the victim and the defendant were family or household members; and (2) [t]hat the offense was committed within the sight or sound of the victim's child who was under the age of 18 years.

Clerk's Papers at 172.

The jury convicted Marjama of the lesser offense of first degree manslaughter and returned a "yes" verdict to the question of whether the evidence supported the elements of the aggravated domestic violence offense. The trial court imposed an exceptional sentence above the standard range.

Marjama appeals the trial court's exceptional sentence.

ANALYSIS

A.    INTERPRETATION OF RCW 9.94A.535(3)(h)(ii)

Marjama claims that the term "children" in RCW 9.94A.535(3)(h)(ii) means that the aggravating circumstance applies only if two or more minor children witnessed or heard the offense. We disagree.

Questions of statutory interpretation are reviewed de novo. *State v. Wolvelaere*, 195 Wn.2d 597, 600, 461 P.3d 1173 (2020). The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id.* This requires looking at the plain language of the statute, the context of the statute, any related statutory provisions, and the statutory scheme as a whole. *Id.* If the plain meaning of the statute is unambiguous, we apply that meaning. *Id.*

RCW 9.94A.535 states that a court may impose a sentence outside the standard sentence range for an offense if it finds substantial and compelling reasons that justify an exceptional sentence. RCW 9.94A.535(3) provides an exclusive list of aggravating circumstances that can

support a sentence above the standard range if found by a jury. Under RCW 9.94A.535(3)(h)(ii), an aggravating circumstance exists if the offense involved domestic violence and "occurred within sight or sound of the victim's or the offender's minor *children* under the age of eighteen years." (Emphasis added.) The question here is whether the term "children" includes a single child.

"[A] recognized rule of statutory [construction] is that courts generally 'may construe singular words in the plural and vice versa, unless such a construction would be repugnant to the context of the statute or inconsistent with the manifest intention of the Legislature.' " *State v. Baggett*, 103 Wn. App. 564, 570-71, 13 P.3d 659 (2000) (quoting *Queen City Sav. & Loan Ass'n v. Mannhalt*, 111 Wn.2d 503, 508, 760 P.2d 350 (1988)).

The legislature has codified this general principle of statutory interpretation. RCW 1.12.050 states, "Words importing the singular number may also be applied to the plural of persons and things; words importing the plural may be applied to the singular."[3] Under RCW 1.12.050, the plural term "children" in RCW 9.94A.535(3)(h)(ii) necessarily includes the singular term "child."

In addition, such an interpretation is consistent with the legislature's intent. It is inconceivable that the legislature intended to allow an exceptional sentence for a domestic violence offense within the sight and sound of multiple children, but not within the sight and sound of a single child. *See State v. Schwartz*, 194 Wn.2d 432, 443, 450 P.3d 141 (2019) (stating that courts presume that the legislature did not intend absurd results).

---

[3] In addition, RCW 9A.04.110(30) states, "Words . . . in the singular shall include the plural; and in the plural shall include the singular." We need not decide whether this provision applies to chapter 9.94A RCW because RCW 1.12.050 contains the same language.

Interpreting "children" to include "child" also is consistent with case law. In *Baggett*, the court addressed RCW 9.41.270(1), which defines the offense of unlawful display of a firearm to include displaying a firearm in a manner that " 'warrants alarm for the safety of other persons.' " 103 Wn. App. at 570 (quoting RCW 9.41.270(1)). The defendant argued that this statute was inapplicable because only one person, not two or more persons, was present when he displayed his rifle. *Id.* The court rejected this argument, applying the general rule of statutory construction that plural words may be construed as singular. *Id.* at 570-71. The court also could see no reason why the legislature would not include handling a firearm in a manner that warrants alarm for the safety of a single person in the scope of the statute. *See id.* at 570.

In *State v. Smith*, this court declined to interpret the word "some" as plural only, rather than also in the singular. 7 Wn. App. 2d 304, 310-11, 433 P.3d 821, *review denied*, 193 Wn.2d 1010 (2019). The State requested an exceptional sentence under the free crimes aggravator, which applies when "some of the current offenses" would go unpunished due to defendant's high offender score. RCW 9.94A.535(2)(c). However, the defendant argued that the free crimes aggravating factor did not apply because he only had one offense that would go unpunished, and the statutory language required that "some" of the current offenses would go unpunished. *Smith*, 7 Wn. App. 2d at 309. Considering the definition of "some" in Webster's Dictionary and the strained consequences of the defendant's interpretation, the court held that the word "some" included a single crime. *Id.* at 310-11.

We conclude that the term "children" in RCW 9.94A.535(3)(h)(ii) includes a single child.

B.    SUFFICIENCY OF EVIDENCE

Marjama argues that the evidence was insufficient to support the jury's finding under RCW 9.94A.535(3)(h)(ii) because his offense was committed within the sight and sound of only

a single child. However, the term "children" in RCW 9.94A.535(3)(h)(ii) includes a single child and it is undisputed that Marjama's offense was committed within the sight and sound of his child. Therefore, we hold that sufficient evidence supports the jury's finding.

C.     AGGRAVATING CIRCUMSTANCE JURY INSTRUCTION

Marjama argues the trial court's jury instruction regarding RCW 9.94A.535(3)(h)(ii) was erroneous because it allowed the State to prove that the crime occurred within the sight or sound of the victim's "minor child" rather than the victim's "minor children." However, because the term "children" in RCW 9.94A.535(3)(h)(ii) includes a single child, the trial court's instruction was a correct statement of the law.

## CONCLUSION

We affirm the trial court's imposition of Marjama's exceptional sentence.

MAXA, J.

We concur:

LEE, C.J.

GLASGOW, J.

6